# No. 25-1329

# United States Court of Appeals for the Ninth Circuit

**MAHMOOD YOONESSI,**

*Plaintiff-Appellant,*

v.

**LETITIA JAMES, attorney; WILLIAM J. PRASIFKA; KYLE WILCOX, attorney; MERRILL TISCH; MEDICAL BOARD OF CALIFORNIA; LYNNETTE ANTOSH; JPMORGAN CHASE BANK, N.A.,**

*Defendants- Appellees.*

On Appeal from the United States District Court
for the Eastern District of California

## BRIEF FOR DEFENDANTS-APPELLEES LETITIA JAMES AND MERRYL TISCH

BARBARA D. UNDERWOOD
  *Solicitor General*
VICTOR PALADINO
  *Senior Assistant Solicitor General*
FREDERICK A. BRODIE
  *Assistant Solicitor General*
    *of Counsel*

LETITIA JAMES
  *Attorney General*
  *State of New York*
The Capitol
Albany, NY 12224-0341
(518) 776-2317

Dated: June 4, 2025

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

PRELIMINARY STATEMENT ................................................................ 1

QUESTIONS PRESENTED .................................................................... 2

STATEMENT OF THE CASE .................................................................. 3

    A.    Yoonessi's Decades of Litigation ............................................. 3

        1.    New York Litigation against SUNY Buffalo ..................................................................... 4

        2.    Litigation over Yoonessi's Loss of His Medical License in New York ........................................ 5

        3.    Litigation over Yoonessi's Loss of His Medical License in California ....................................... 6

        4.    Litigation over Denial of Yoonessi's Application to Restore His Medical License in Ohio ................................................................. 8

    B.    This Lawsuit and the Amended Complaint ........................... 9

    C.    Yoonessi's Motions ................................................................ 12

    D.    The New York State Defendants' Motion to Dismiss the Amended Complaint ........................................ 13

    E.    The District Court Dismisses the Amended Complaint .......................................................... 15

STANDARD OF REVIEW .................................................................. 18

SUMMARY OF ARGUMENT .............................................................. 19

ARGUMENT

THE DISTRICT COURT PROPERLY GRANTED THE NEW YORK
STATE DEFENDANTS' MOTION TO DISMISS ............................................21

A.      The District Court Lacked Personal Jurisdiction
        over the New York State Defendants. ...................................21

B.      The Amended Complaint Did Not State a Claim
        Against the New York State Defendants. ...........................25

C.      Yoonessi's Opposition to the New York State
        Defendants' Motion to Dismiss Was Untimely....................28

D.      The District Court Properly Denied Leave to
        Amend the Complaint a Second Time. ................................30

CONCLUSION ........................................................................................33

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Acosta-Huerta v. Estelle*,
  7 F.3d 139 (9th Cir. 1992) ................................................................ 30

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................ 25, 27

*Barrett v. United States*,
  798 F.2d 565 (2d Cir. 1986) .............................................................. 24

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................... 26

*Bly-Magee v. State of California*,
  236 F.3d 1014 (9th Cir. 2000) .......................................................... 24

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ................................................ 18, 21-22

*Bowles v. State*,
  208 A.D.2d 440 (N.Y. App. Div. 1st Dep't 1994) ............................... 24

*Brokamp v. James*,
  573 F. Supp. 3d 696 (N.D.N.Y. 2021) .............................................. 26

*College Source, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) .......................................................... 21

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................... 21

*Dube v. State University of New York*,
  900 F.2d 587 (2d Cir. 1990) .............................................................. 26

*Fry v. Melaragno*,
  939 F.2d 832 (9th Cir. 1991) ............................................................ 24

*Ghazali v. Moran*,
  46 F.3d 52 (9th Cir. 1995) ............................................................... 29

| Cases | Page(s) |
|---|---|

*Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.,*
63 F.4th 747 (9th Cir. 2023) .............................................................. 19

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
564 U.S. 915 (2011) ........................................................................... 22

*Hydrick v. Hunter,*
669 F.3d 937 (9th Cir. 2012) .............................................................. 27

*In re Corey,*
892 F.2d 829 (9th Cir. 1989) .............................................................. 25

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
546 F.3d 981 (9th Cir. 2008) .............................................................. 19

*Int'l Shoe Co. v. Wash.,*
326 U.S. 310 (1945) ........................................................................... 22

*Matter of Yoonessi v. State Bd. for Professional Medical Conduct,*
2 A.D.3d 1070 (N.Y. App. Div. 3d Dep't 2003) ................................... 5

*Matter of Yoonessi v. State Bd. for Professional Medical Conduct,*
3 N.Y.3d 607 (2004) ............................................................................ 6

*Oliver v. Ralphs Grocery Co.,*
654 F.3d 903 (9th Cir. 2011) .............................................................. 26

*Pena v. Gardner,*
976 F.2d 469 (9th Cir. 1992) .............................................................. 26

*Rutman Wine Co. v. E.&J. Gallo Winery,*
829 F.2d 729 (9th Cir. 1987) .............................................................. 32

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797 (9th Cir. 2004) .............................................................. 23

**Cases**                                                                 **Page(s)**

*Sinclair v. City of Seattle*,
   61 F.4th 674 (9th Cir. 2023) ........................................................ 18-19

*Sylvia Landfield Trust v. City of Los Angeles*,
   729 F.3d 1189 (9th Cir. 2013) ........................................................ 32

*Yoonessi v. Albany Medical Center*,
   352 F. Supp. 2d 1096 (C.D. Cal. 2005) ........................................ 7

*Yoonessi v. Brown*,
   No. B218588, 2010 WL 2636495 (Cal. Ct. App. July 2, 2010) ............ 7

*Yoonessi v. New York State Board for Professional Medical
   Conduct*,
   162 F. App'x 63 (2d Cir. 2006) .................................................... 6

*Yoonessi v. New York State Board for Professional Medical
   Conduct*,
   No. 03-CV-871S, 2005 WL 645223 (W.D.N.Y. March 21,
   2005) ............................................................................................ 6

*Yoonessi v. State Med. Bd.*,
   173 Ohio St. 3d 1459 (2024) ........................................................ 9

*Yoonessi v. State Medical Bd. of Ohio*,
   10th Dist. No. 23AP-160, 2024-Ohio-169, 2024 WL 196096
   (Ohio App. Jan. 18, 2024) ............................................................ 8-9

*Yoonessi v. State Univ. of New York*,
   56 F.3d 10 (2d Cir. 1995) .............................................................. 4

*Yoonessi v. State University of New York*,
   862 F. Supp. 1005 (W.D.N.Y. 1994) ............................................ 4

*Yoonessi v. State University of New York (Buffalo)*,
   No. 97-9592, 164 F.3d 620, 1998 WL 712427 (2d Cir. 1998) .............. 4

v

## Constitutions                                                    **Page(s)**

N.Y. Const.
    art. V, § 1 ................................................................. 26
    art. V, § 4 ................................................................. 26

## State Statutes

Cal. Code Civ. Pro.
    § 391.7(a) ................................................................... 7
    § 410.10 ..................................................................... 21

N.Y. Executive Law
    § 63(1) ...................................................................... 24

## Rules

E.D. Cal. Local Rule 230(c) ............................................. 14, 28

Fed. R. Civ. P. 8(a)(2) .................................................... 26

## Miscellaneous Authorities

*Matter of Yoonessi*,
    2002 WL 33840948 (N.Y. Bd. Prof. Med. Conduct Jun 5,
    2002) ........................................................................ 5

## PRELIMINARY STATEMENT

Plaintiff-appellant Mahmood Yoonessi has engaged on a decades-long campaign of litigation over being fired in 1993 from his position at the State University of New York at Buffalo (SUNY Buffalo), losing his New York medical license in 2001, and losing his California license and being unable to restore his Ohio license thereafter. In this latest salvo, Yoonessi appeals from a judgment of the United States District Court for the Eastern District of California (Nunley, D.J.) dismissing his complaint against defendants from New York, California, and Ohio.

The named defendants included Letitia James, Attorney General of the State of New York, and Merryl Tisch (sued herein as Merrill Tisch), Chair of the Board of Trustees of the State University of New York System and former Chancellor of the New York State Board of Regents (together, the New York State Defendants).[1] In the proceedings below, the district court gave Yoonessi multiple opportunities to explain what claims he was supposedly asserting against the New York State Defendants and why those defendants were subject to personal jurisdiction in

---

[1] Other defendants-appellees are separately represented. This Brief focuses solely on Yoonessi's purported claims against the New York State Defendants.

1

the Eastern District of California. At each turn, however, Yoonessi failed to explain himself.

Yoonessi proved unable to state a cognizable claim against the New York State Defendants in his amended complaint; in response to the New York State Defendants' motion to dismiss the amended complaint; or in his objections to the magistrate judge's recommendation that the motion to dismiss be granted. Now, on appeal to this Court, Yoonessi again fails to explain what claims he asserts against the New York State Defendants and why he should be permitted to sue them in the Eastern District of California. Consequently, this Court should affirm the judgment of dismissal without leave to amend.

## QUESTIONS PRESENTED

1.     Does the amended complaint fail to plead a basis for asserting personal jurisdiction over the New York State defendants?

2.     Does the amended complaint fail to state a claim against the New York State defendants?

3.     Did Yoonessi's service of his opposition papers 68 days late provide an independent ground for dismissal of the amended complaint?

2

4.     Did the district court act within its discretion in denying leave to amend the complaint a second time?

## STATEMENT OF THE CASE

### A.  Yoonessi's Decades of Litigation

From at least 1988 to 1991, Yoonessi was a professor at the State University of New York at Buffalo (SUNY Buffalo).[2] (1-JamesSER-93, ECF #62 at 6.[3]) Yoonessi was fired from his job at SUNY Buffalo in 1991 (2-JamesSER-387, ECF #79 at ECF p.293); in the following three decades, he has brought a series of lawsuits against his former employer and various New York State entities that he seeks to hold responsible for his job loss and the subsequent loss of his medical licenses.

---

[2] Because this appeal is from the grant of a motion to dismiss, we assume as true the facts alleged by Yoonessi in the amended complaint. Because the amended complaint contains so little detail, however, we have drawn background facts from other documents Yoonessi has filed and judicial decisions rendered in his other cases. The New York State Defendants reserve the right to prove different or additional facts in the event of a remand.

[3] Materials filed in the district court are cited by the number assigned on that court's electronic case filing (ECF) system. Unless otherwise noted, page citations herein are to the internal pagination of each document.

### 1.   New York Litigation against SUNY Buffalo

In 1993, Yoonessi filed a lawsuit challenging his termination from SUNY Buffalo. *See Yoonessi v. State University of New York,* 862 F. Supp. 1005 (W.D.N.Y. 1994). The United States District Court for the Western District of New York dismissed all claims against SUNY Buffalo and related individual defendants based on Eleventh Amendment immunity and/or the statute of limitations. *Id.*, 862 F. Supp. at 1012, 1014-16. The Second Circuit denied Yoonessi's petition for leave to appeal. *Yoonessi v. State Univ. of New York,* 56 F.3d 10, 13 (2d Cir. 1995), *cert. denied,* 516 U.S. 1075 (1996).

Subsequently, Yoonessi filed another federal lawsuit against SUNY Buffalo asserting claims for damages under Title VII. The district court granted summary judgment for SUNY Buffalo on the ground that Yoonessi's conclusory allegations of discrimination failed to raise a genuine issue of material fact and the Second Circuit again affirmed. *See Yoonessi v. State University of New York (Buffalo),* No. 97-9592, 164 F.3d 620, 1998 WL 712427 (2d Cir. 1998) (summary order).

### 2. Litigation over Yoonessi's Loss of His Medical License in New York

In 2001, the New York Commissioner of Health suspended Yoonessi's medical license pursuant to N.Y. Pub. Health Law § 230(12). *See Matter of Yoonessi,* 2002 WL 33840948 (N.Y. Bd. Prof. Med. Conduct Jun 5, 2002). After a ten-day evidentiary hearing, the New York State Board for Professional Medical Conduct (the New York Board) found, among other things, that Yoonessi had prescribed an unorthodox and inappropriate chemotherapy regimen for five patients; performed unwarranted, contraindicated surgery on at least eight occasions; failed to obtain adequate informed consent for chemotherapy and/or surgery; and improperly ignored "Do Not Resuscitate" orders. *See Matter of Yoonessi v. State Bd. for Professional Medical Conduct,* 2 A.D.3d 1070, 1070-71 (N.Y. App. Div. 3d Dep't 2003).

Yoonessi sought judicial review of the New York Board's decision. In December 2003, a New York intermediate appellate court confirmed the decision, finding "each charge sustained by the Committee [was] amply supported by substantial evidence," *id.* at 1073, and that the penalty imposed by the New York Board—revocation of Yoonessi's medical license—was "entirely appropriate," *id.* at 1075. The New York

5

Court of Appeals thereafter denied Yoonessi's motion for leave to appeal. *Matter of Yoonessi v. State Bd. for Professional Medical Conduct*, 3 N.Y.3d 607 (2004).

In November 2003, Yoonessi commenced a civil rights action in the United States District Court for the Western District of New York against numerous individuals and entities, again seeking to annul the revocation of his New York medical license. *See Yoonessi v. New York State Board for Professional Medical Conduct*, No. 03-CV-871S, 2005 WL 645223, *2-4 (W.D.N.Y. March 21, 2005). The District Court dismissed the action, *see id.* at *27, and the Second Circuit affirmed, *Yoonessi v. New York State Board for Professional Medical Conduct*, 162 F. App'x 63 (2d Cir. 2006). Based on its review of the record and the other suits already filed by Yoonessi, the Second Circuit warned Yoonessi that "additional appellate litigation relating to these circumstances" could result in sanctions. *Id.*, 162 F. App'x at 66.

### 3. Litigation over Yoonessi's Loss of His Medical License in California

In 2003, the Medical Board of California revoked Yoonessi's medical license in California. (ER-6, ECF #78 at 2; 2-JamesSER-340, 389, ECF #79 at ECF p.246, 295.) Yoonessi commenced an action in March 2004 in

6

the Central District of California against the Medical Board of California and other defendants, challenging the proceedings that led to the revocation. *See Yoonessi v. Albany Medical Center*, 352 F. Supp. 2d 1096, 1097-98 (C.D. Cal. 2005). The district court granted defendants' motion to dismiss the action and determined that granting leave to amend the complaint would be futile. *Id.* at 1104.

In 2008, Yoonessi applied to the Medical Board of California to reinstate his medical license; the Board denied his application. *See Yoonessi v. Brown*, No. B218588, 2010 WL 2636495, at *1 (Cal. Ct. App. July 2, 2010) (unpublished). Yoonessi then filed a complaint in California Superior Court against various defendants, which he amended to include SUNY Buffalo. *Id.* The Superior Court ruled that SUNY Buffalo had no contacts with California that would justify the existence of personal jurisdiction over them. *Id.* The Court of Appeal, Second District affirmed that decision. *Id.* at *2.

The California Superior Court also declared Yoonessi a vexatious litigant. *Id.* at *1, 2; *see* Cal. Code Civ. Pro. § 391.7(a). (*See* ER-7, ECF #78 at 3; 2-JamesSER-571, ECF #56 at 7.)

7

In September 2020, Yoonessi again applied for reinstatement of his California medical license. (1-JamesSER-38, ECF #16-1 at 2.) The Medical Board of California denied his application. (1-JamesSER-38, ECF #16-1 at 2.) Yoonessi then challenged that denial in California state court and again named SUNY Buffalo as a defendant. (*See* 1-JamesSER-37, ECF #16-1 at 1.) Represented by Attorney General James, SUNY Buffalo moved to dismiss Yoonessi's claims based on Eleventh Amendment immunity and lack of personal jurisdiction. (1-JamesSER-38, ECF #16-1 at 2.) On September 29, 2022, the California state court sustained SUNY Buffalo's demurrer based on Eleventh Amendment immunity and denied leave to amend. (*See* 1-JamesSER-39, ECF #16-1 at 3.)

### 4. Litigation over Denial of Yoonessi's Application to Restore His Medical License in Ohio

Yoonessi was licensed to practice medicine in Ohio in 1972. (2-JamesSER-351, ECF #79 at ECF p.257.) *See Yoonessi v. State Medical Bd. of Ohio,* 10th Dist. No. 23AP-160, 2024-Ohio-169, 2024 WL 196096, *1 (Ohio App. Jan. 18, 2024). By 1976, his Ohio license had lapsed. *Id.*, 2024 WL 196096 at *1. In April 2020, Yoonessi applied to have his Ohio license restored. *Id.* Following a hearing, the hearing examiner

recommended denying Yoonessi's application. *Id.* The State Medical Board of Ohio ratified that recommendation. *Id.*

Yoonessi appealed to the Franklin County Court of Common Pleas, which affirmed the Medical Board's order. *Id.* He appealed again to the Court of Appeals of Ohio, which affirmed the lower court. *Id.* at *4. The Ohio Supreme Court declined to hear Yoonessi's appeal. *Yoonessi v. State Med. Bd.*, 173 Ohio St. 3d 1459 (2024).

## B.    This Lawsuit and the Amended Complaint

Yoonessi commenced the present lawsuit on January 6, 2023, in the Eastern District of California. The original complaint, with attachments, was more than 350 pages long. (*See* ECF #1.) The New York State Defendants[4] moved to dismiss, arguing that the California federal court lacked personal jurisdiction over them (1-JamesSER-27-30, ECF #16 at 5-8); the complaint did not contain a short and plain statement of the

---

[4] There is no indication that any New York State-related defendant other than Ms. Tisch and Attorney General James was served with process. (*See* 1-JamesSER-16, ECF #2.) Although "University of Buffalo" appeared in the caption of both the original and amended complaints (1-JamesSER-13, ECF #1 at 1; 1-JamesSER-52, ECF #34 at 1), neither pleading identified SUNY Buffalo as a defendant in its text (*see* 1-JamesSER-14-15, ECF #1 at 2-3; 1-JamesSER-54-55, ECF #34 at 2-3).

claim against them (1-JamesSER-30-31, ECF #16 at 8-9); and the complaint failed to state a claim on which relief could be granted because Attorney General James was absolutely immune from suit over her litigation-related conduct (1-JamesSER-32, ECF #16 at 10) and the Eleventh Amendment barred claims against Attorney General James and Ms. Tisch in their official capacities (1-JamesSER-32, ECF #16 at 11).

The district court dismissed the complaint. (1-JamesSER-50, 51, ECF #31 at 10, 11.) The court observed that the complaint consisted of "vague, conclusory and disjointed allegations" that left it unclear "what claim or claims plaintiff is attempting to assert against which defendant" and "what factual allegations establish the wrongful conduct of a defendant." (1-JamesSER-47, ECF #31 at 7.) Among other things, it was "entirely unclear" how the district court would have grounds to assert personal jurisdiction over the New York State Defendants. (1-JamesSER-47, ECF #31 at 7.)

The court granted Yoonessi leave to file an amended complaint that "cures the defects noted in this order" and complies with federal and local procedural rules. (1-JamesSER-52, ECF #31 at 12.) The court advised

Yoonessi that any amended complaint "will supersede the original complaint" and must "be complete in itself without reference to prior pleadings." (1-JamesSER-50, ECF #31 at 10.) The court stated that any amended complaint must "include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims." (1-JamesSER-51, ECF #31 at 11.) And the court informed Yoonessi that "each claim and the involvement of each defendant must be sufficiently alleged." (1-JamesSER-50-51, ECF #31 at 10-11.)

Yoonessi filed an amended complaint, which was only seven pages long. (1-JamesSER-53-59, ECF #34.) The amended complaint stated that it was an action under 42 U.S.C. § 1983 (1-JamesSER-56, ECF #34 at 4) and sought damages of $2 billion (1JamesSER-58, ECF #34 at 6). Aside from listing them as defendants (1-JamesSER-54-55, ECF #34 at 2-3), the amended complaint did not mention the New York State Defendants.

Instead, the amended complaint appeared to focus on events with no apparent connection to the New York State Defendants. For example, in response to the question "Where did the events giving rise to your claim(s) occur?" Yoonessi wrote: "President Steve Sample was a Very Powerful, Well connected :nationally and Internationally Known, Who

ignored my Tenured Status,to replce me with Dr Steve Piver ,Pay bribes or be fired." (1-JamesSER-57, ECF #34 at 4 [orthography retained].) The injuries that Yoonessi listed included "Loss of my Office building without being paid based on Morgage note." (1-JamesSER-58, ECF #34 at 6 [orthography retained].)

### C.    Yoonessi's Motions

Yoonessi filed multiple motions in the district court. These included:

- two motions for summary judgment (ECF #17, 23), which were premature because discovery had not been conducted (*see* 1-JamesSER-51, ECF #31 at 11);

- two motions for a default judgment (ECF #32, 47), which were improper because the New York State Defendants had responded to the complaint by moving to dismiss and the clerk had not entered a default (*see* ER-7-8, ECF #78 at 3-4);

- two motions to vacate judgments issued by state courts in California (ECF #67) and New York (ECF #66, 68), which cited no authority under which a federal district court could vacate the judgment of a state court (*see* ER-14-15, ECF #78 at 10-11); and

12

- three motions to compel discovery (ECF #54, 61, 62), which the Magistrate Judge denied because they were not properly noticed under the local rules and/or contained no clear request for discovery-related relief (ER-13-14, ECF #78 at 9-10).

### D. The New York State Defendants' Motion to Dismiss the Amended Complaint

The New York State Defendants moved to dismiss the amended complaint. (1-JamesSER-60-71, ECF #45.)

First, the New York State Defendants argued that the amended complaint should be dismissed because it did not allege contacts sufficient to support personal jurisdiction over them in California. (1-JamesSER-63-65, ECF #45 at 2-4.) With respect to general jurisdiction, the amended complaint did not allege facts that would support an inference that the New York State Defendants had continuous and systematic contacts with California. (1-JamesSER-63-64, ECF #45 at 2-3.) The California federal courts also lacked specific jurisdiction because the amended complaint did not allege that the New York State Defendants purposefully availed themselves of the benefits of California law. (1-JamesSER-64-65, ECF #45 at 3-4.) While Attorney General James appeared as counsel for SUNY Buffalo in Yoonessi's lawsuit

13

contesting the denial of his 2020 application to restore his California medical license, she appeared solely in her official capacity and did so for the limited purpose of contesting jurisdiction and raising sovereign immunity defenses. (1-JamesSER-65, ECF #45 at 4.)

Second, the New York State Defendants argued that the amended complaint failed to state a claim against them upon which relief could be granted. (1-JamesSER-66-68, ECF #45 at 5-7.) The New York State Defendants observed that the amended complaint contained *no* factual allegations against them. (1-JamesSER-65-66, 68, ECF #45 at 4-5, 7.) The New York State Defendants also pointed out that Attorney General James had absolute immunity for her official conduct representing the government in litigation. (1-JamesSER-67, ECF #45 at 6.) Similarly, both Attorney General James and Ms. Tisch were immune under the Eleventh Amendment for work in their official capacities as representatives, respectively, of the New York State Office of the Attorney General and the New York Board of Regents. (1-JamesSER-68, ECF #45 at 7.)

The New York State Defendants' motion was filed on March 1, 2024, making opposition papers due on March 15, 2024 under Local Rule 230(c). After receiving no response from Yoonessi, the district court took

the New York State Defendants' motion to dismiss under submission on April 29, 2024. (1-JamesSER-8, ECF #53.) Yoonessi did not file opposition papers until May 22, 2024 (*see* 1-JamesSER-9, ECF #57)—68 days late.

With respect to the New York State defendants, Yoonessi's opposition papers stated that Attorney General James and Ms. Tisch were not minors, incompetent persons, or in military service (1-JamesSER-77, ECF #57 at 6); that they had admitted or failed to deny various alleged facts concerning Yoonessi's firing from SUNY Buffalo and the loss of his New York medical license, none of which had any apparent link to California (1-JamesSER-78-79, ECF #57 at 7-8); and that they had failed to disclose various alleged facts that had no apparent relation to jurisdiction over either of them in the California federal courts (1-JamesSER-79-80, ECF #57 at 8-9).

### E. The District Court Dismisses the Amended Complaint

In a report and recommendation (ER-5-17, ECF #78), which the district court adopted (ER-18-19, ECF #80; ER-20, ECF #82), the district court denied Yoonessi's discovery motions (ER-13-14, ECF #78 at 9-10), motions for a default judgment (ER-7-8, ECF #78 at 3-4), and motions to vacate state court judgments (ER-14-15, ECF #78 at 10-11). The court

15

granted the New York State Defendants' motion to dismiss (ER-10-12, ECF #78 at 6-8).

The district court cited three grounds supporting dismissal of the amended complaint as to the New York State Defendants. First, the amended complaint failed to make a prima facie showing of personal jurisdiction over them. (ER-11, ECF #78 at 7.) Second, the amended complaint did not plead facts sufficient to state a claim against the New York State Defendants on which relief could be granted. (ER-11-12, ECF #78 at 7-8.) Third, Yoonessi's opposition papers were untimely. (ER-11, ECF #78 at 7.)

The district court noted that the order dismissing Yoonessi's original complaint had instructed that an amended complaint should cure the defects identified by the court and comply with the Federal Rules of Civil Procedure. (ER-16, ECF #78 at 12.) Yoonessi, however, did not follow those instructions, instead filing an amended complaint that was "almost entirely devoid of any factual allegations." (ER-16, ECF #78 at 12.) The court therefore dismissed the amended complaint without leave to replead because allowing further amendment would be futile. (ER-16, ECF #78 at 12.)

16

Yoonessi filed objections to the report and recommendation. (ECF #79.) The objections did not explain how the federal district court in California could assert personal jurisdiction over either of the New York State Defendants or how the amended complaint stated a claim against them. Instead, the objections criticized the former administration of the University of Southern California (1-JamesSER-100, ECF #79 at 3); criticized various attorneys involved in Yoonessi's previous lawsuits (1-JamesSER-101-102, ECF #79 at 4-5); complained about the sale of his office in Buffalo, New York in 2014 (1-JamesSER-102-103, ECF #79 at 5-6); attempted to relitigate his firing from SUNY Buffalo (1-JamesSER-103, 113, ECF #79 at 6, 16); attempted to relitigate the loss of his New York medical license (1-JamesSER-103, 104-105, 106-108, 113, 116-117, ECF #79 at 6, 7-8, 9-11, 16, 19-20); attempted to relitigate the loss of his California medical license (1-JamesSER-107, 112, ECF #79 at 10, 15); attempted to relitigate the loss of his Ohio medical license (1-JamesSER-105-106, 108, 119, ECF #79 at 8-9, 11, 22); and purported to make document requests under the California, New York, and Ohio public records laws (1-JamesSER-108-109, 116, 120-121, ECF #79 at 11-12, 19,

23-24). The objections were also untimely.[5] (ER-20, ECF #82.)

On February 13, 2025, the clerk of court entered judgment in accordance with the district court's order. (2-JamesSER-491, ECF #81.) Yoonessi appealed to this Court. (1-JamesSER-11, ECF #83.)

## STANDARD OF REVIEW

This court reviews a dismissal for lack of personal jurisdiction de novo. *Boschetto v. Hansing,* 539 F.3d 1011, 1015 (9th Cir. 2008).

Similarly, this Court reviews de novo the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 88 (2023). Although factual allegations are taken as true and construed in plaintiff's

---

[5] The report and recommendation stated that Yoonessi could file objections with the district court "[w]ithin fourteen (14) days after being served with these findings and recommendations." (ER-16, ECF #78 at 12.) The report and recommendation was served on January 14, 2025 (*see* unnumbered docket entry for January 14, 2025), but Yoonessi's objections were not filed until February 11, 2025 (*see* 1-JamesSER-94, ECF #79 at 1). The district court's initial order adopting the magistrate's recommendation inaccurately stated that neither party had objected (ER-18, ECF #80 at 1), but that order was issued without knowledge of Yoonessi's late-filed objections (*see* ER-20, ECF #82). After reviewing the objections, the court clarified that "[e]ven if the Court were to consider the merits of the untimely objections, they do not alter the Court's determination." (ER-20, ECF #82.)

favor, "[c]onclusory allegations cannot defeat a motion to dismiss." *Id.* The Court "does not blindly defer to the labels and conclusions provided by the complaint, nor to any naked assertions devoid of further factual enhancement." *Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 763 (9th Cir. 2023) (internal quotation marks and citations omitted).

The district court's denial of leave to amend is reviewed for abuse of discretion. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 546 F.3d 981, 990 (9th Cir. 2008).

## SUMMARY OF ARGUMENT

The district court properly dismissed Yoonessi's lawsuit against the New York State Defendants for each of the three reasons it cited.

First, the amended complaint did not allege contacts that would support personal jurisdiction over the New York State Defendants in California. The amended complaint's allegations did not establish general jurisdiction over the New York State Defendants; further, the amended complaint did not identify any transaction by the New York State Defendants that would support specific jurisdiction in the forum.

19

Second, the amended complaint failed to state a claim against the New York State Defendants on which relief could be granted. The amended complaint did not contain any factual material that would support a claim against Attorney General James and Ms. Tisch in their individual capacities and the Eleventh Amendment barred claims against them in their official capacities.

Third, Yoonessi's papers in opposition to the New York State Defendants' motion to dismiss the amended complaint were filed more than two months late.

The district court dismissed Yoonessi's original complaint with leave to amend. In doing so, the court instructed Yoonessi that the amended complaint must contain factual allegations describing the conduct and events underlying his claims and that each claim and the involvement of each defendant must be sufficiently alleged. Yoonessi's amended complaint did not follow those instructions with respect to his purported claims against the New York State Defendants, nor did he explain those claims when offered opportunities to do so. Under the circumstances, the district court properly dismissed the amended complaint without leave to amend further.

20

# ARGUMENT

## THE DISTRICT COURT PROPERLY GRANTED THE NEW YORK STATE DEFENDANTS' MOTION TO DISMISS

The district court correctly dismissed the amended complaint against the New York State Defendants based on lack of personal jurisdiction; failure to state a claim; and Yoonessi's failure to file a timely opposition to the New York State Defendants' motion. Additionally, the court acted within its discretion in denying leave to amend further.

### A. The District Court Lacked Personal Jurisdiction over the New York State Defendants.

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *College Source, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011); *Boschetto,* 539 F.3d at 1015.

In determining the bounds of personal jurisdiction over defendants, federal courts ordinarily follow state law. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Because California's long-arm statute allows the exercise of personal jurisdiction to the extent permissible under the U.S. Constitution, *see* Cal. Code Civ. Proc. § 410.10, this Court must assess whether exercising jurisdiction comports with due process. *Daimler AG*, 571 U.S. at 125. Due process requires that the defendant

21

have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

Where, as here, the district court decides the motion without an evidentiary hearing, the plaintiff must "make a prima facie showing of the jurisdictional facts." *Boschetto*, 539 F.3d at 1015 (internal quotation marks and citation omitted). Yoonessi failed to do that. The amended complaint and Yoonessi's other papers do not identify any contact between Attorney General James or Ms. Tisch and the State of California that would make it fair or just to require the New York State Defendants to defend against Yoonessi's lawsuit in a California federal district court. That is true when one examines either general, "all-purpose" jurisdiction or specific jurisdiction "deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks and citation omitted).

To support general jurisdiction over a defendant, the plaintiff must show that the defendant "engage[d] in continuous and systematic general

business contacts that approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004) (internal quotation marks and citations omitted). The amended complaint did not suggest that either Attorney General James or Ms. Tisch had such contacts with California.

Specific jurisdiction exists when (1) a non-resident defendant "purposefully direct[s]" activities or "consummate[s] some transaction with the forum or resident thereof," or "purposefully avails" herself of "the privilege of conducting activities in the forum"; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction is reasonable and comports with fair play and substantial justice. *Schwarzenegger,* 374 F.3d at 802.

The amended complaint did not allege that the New York State Defendants purposefully directed activity at California or engaged in any transaction in California. Nor did Yoonessi allege that Attorney General James or Ms. Tisch purposely availed themselves of the privilege of conducting activities in California or otherwise established minimum contacts in California.

23

The single contact with California by either New York State Defendant that may be gleaned from the record as a whole is Attorney General James' appearance in California State Court to defend SUNY Buffalo against another Yoonessi lawsuit by arguing—successfully—that SUNY Buffalo was immune from suit under the Eleventh Amendment. (*See* 1-JamesSER-37-40, ECF #16-1.) The Attorney General in that instance was performing her official function of defending a New York State entity in litigation. *See* N.Y. Executive Law § 63(1). State attorneys general have absolute immunity from suit over their conduct in performing their official duties. *Bly-Magee v. State of California*, 236 F.3d 1014, 1018 (9th Cir. 2000).[6]

If Yoonessi believed that attorneys for SUNY Buffalo committed misconduct in the California state court action (and there is no evidence of misconduct), his remedy was to litigate that issue in the state court

---

[6] *See also Fry v. Melaragno*, 939 F.2d 832, 836-37 (9th Cir. 1991) (absolute immunity applies to government attorneys, whether representing plaintiff or defendant); *Barrett v. United States,* 798 F.2d 565, 573 (2d Cir. 1986) (assistant attorney general was absolutely immune from suit over his actions while representing state in defense against claim); *Bowles v. State*, 208 A.D.2d 440, 444 (N.Y. App. Div. 1st Dep't 1994) (Attorney General was absolutely immune from civil liability for actions in litigation).

action—not to mount a collateral attack on the judgment in federal court. *See In re Corey,* 892 F.2d 829, 834 (9th Cir. 1989).

## B. The Amended Complaint Did Not State a Claim Against the New York State Defendants.

The district court correctly ruled that the amended complaint failed to state a claim against the New York State Defendants, for four reasons.

First, the amended complaint said nothing substantive about the New York State Defendants. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As to the New York State Defendants, the amended complaint pleaded no such facts. Aside from identifying the New York State Defendants by name (1-JamesSER-54-55, ECF #34 at 2-3), the amended complaint provided no factual information relevant to Yoonessi's purported claims against them. Nor did it articulate any legally cognizable cause of action. The amended complaint thus did not meet the

25

basic requirement that the defendants be given fair notice of what Yoonessi's claim was and the grounds on which it rested. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 908 (9th Cir. 2011); Fed. R. Civ. P. 8(a)(2).

Second, to the extent Yoonessi sued the New York State Defendants in their official capacities, the amended complaint—which sought damages of $2 billion (1-JamesSER-58, ECF #34 at 6)—was barred by the Eleventh Amendment. *See Pena v. Gardner,* 976 F.2d 469, 472 (9th Cir. 1992). Attorney General James heads a state office established by the New York Constitution. *See* N.Y. Const. art. V, §§ 1, 4. Ms. Tisch is the Chair of the Board of Trustees of the State University of New York and the former Chancellor of the New York State Board of Regents, both of which are state agencies entitled to protection under the Eleventh Amendment. *See Dube v. State University of New York,* 900 F.2d 587, 594-95 (2d Cir. 1990) (State University of New York); *Brokamp v. James*, 573 F. Supp. 3d 696, 707 (N.D.N.Y. 2021) (Board of Regents), *aff'd*, 66 F.4th 374 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 1095 (2024).

Third, to the extent Yoonessi intended to assert a claim for deprivation of civil rights against the New York State Defendants in their

personal capacities, the amended complaint failed to do so. Under 42 U.S.C. § 1983, a defendant "is only liable for his or her own misconduct." *Iqbal,* 556 U.S. at 677. Plaintiff was therefore required to plead that each defendant, "through the official's own individual actions, has violated the Constitution." *Id.* at 676; *accord Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

The amended complaint did not meet that standard. Indeed, on appeal, Yoonessi does not defend the amended complaint as stating a claim against the New York State Defendants. Rather, Yoonessi identifies three *other* individuals, whom he did not sue, as "New York State Agents." (Br. at 7.) He also complains about things that happened at the University of Southern California (Br. at 4-5); attempts to relitigate previous lawsuits in Buffalo (Br. at 7); attempts to relitigate the loss of his medical license in New York (Br. at 13-14, 15-16, 17); attempts to relitigate the loss of his medical license in Ohio (Br. at 14-15, 17); attempts to relitigate the loss of his medical license in California (Br. at 16, 17, 22); complains about lawyers involved in his previous cases (Br. at 10-12); complains about real estate transactions involving his office and parking lot (Br. at 12); makes demands under public records laws

27

(Br. at 17); and accuses the lower court of fraud and fabrication (Br. at 8-10, 13). None of those assertions and accusations states a cognizable claim against Attorney General James or Ms. Tisch.

### C. Yoonessi's Opposition to the New York State Defendants' Motion to Dismiss Was Untimely.

As a separate ground for dismissing the amended complaint, the district court observed that Yoonessi's opposition to the New York State Defendants' motion to dismiss was untimely. (ER-11, 12, ECF #78 at 7, 8.) The New York State Defendants filed their motion to dismiss on March 1, 2024. (1-JamesSER-8, ECF #45.) Under the local rules of the Eastern District of California, Yoonessi's opposition was due no later than 14 days after the motion was filed, that is, by March 15. *See* E.D. Cal. Local Rule 230(c).

The motion hearing was set for May 3, 2024. (1-JamesSER-61, ECF #45, Notice of Motion at 2; 1-JamesSER-8, ECF #45, docket entry.) Absent an opposition, the district court vacated the hearing date and took the New York State Defendants' motion to dismiss on submission, without oral argument, on April 29, 2024. (1-JamesSER-8, ECF #53.)

Yoonessi finally filed an opposition to the New York State Defendants' motion to dismiss on May 22, 2024—68 days late. (*See* 1-JamesSER-

9, ECF #57, 57-1, 58.) The opposition papers offered no excuse for the late filing. And the record discloses no excuse: between March 1 and April 29, 2024, Yoonessi was able to file an opposition to the motion to dismiss filed by certain other defendants (1-JamesSER-9, ECF #49), as well as his own motions for a default judgment (1-JamesSER-8, ECF #47) and to compel discovery (1-JamesSER-8, ECF #54).

As the district court indicated (ER-12, ECF #78 at 8), failure to comply with the time limits set by local rules is a proper ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (dismissing pro se complaint after plaintiff failed to oppose motion to dismiss). In granting a motion to dismiss on that ground, the district court must weigh (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.* Where (as here) the district court does not consider those factors explicitly, this Court reviews the order for abuse of discretion. *Id.*

Here, the order of dismissal fell comfortably within the district court's discretion. Factors 1 and 4 favored dismissal: Yoonessi has been

relitigating the same claims for decades with no success on the merits. (*See supra* at 3-9.) Factor 2 favored dismissal as well: Yoonessi was declared a vexatious litigant by the California state courts (*see supra* at 7) and filed multiple motions in this action, none of which had merit (*see supra* at 12-13).

Factor 3 also favored dismissal. The New York State Defendants were prejudiced because Yoonessi did not file his opposition papers until after the matter had been submitted, thus depriving them of an opportunity to reply. With respect to factor 5, the district court tried imposing a less drastic sanction previously when it dismissed the original complaint without prejudice while instructing Yoonessi on what an amended complaint must include. (*See* 1-JamesSER-50-51, ECF #31 at 10-11.)

## D. The District Court Properly Denied Leave to Amend the Complaint a Second Time.

On appeal, Yoonessi does not argue that the district court erred when it denied leave to amend the complaint further (*see* ER-16, ECF #78 at 12). Unless an issue is raised and "supported by argument" in appellant's brief, it is "deemed abandoned," even if the appellant is pro se. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

If this Court considers the abandoned issue, it should conclude that the district court did not abuse its discretion in dismissing the amended complaint without leave to amend. In its order dismissing Yoonessi's original complaint, the court observed that the basis for asserting personal jurisdiction over the New York State Defendants was "entirely unclear" and noted that the Eleventh Amendment would apply absent an affirmative waiver of New York's sovereign immunity. (1-JamesSER-47, ECF #31 at 7.)

Nevertheless, the district court granted leave to amend. (1-JamesSER-50-51, ECF #31 at 10-11.) The court cautioned, however, that legal conclusions would not be sufficient to state a claim. (1-JamesSER-50, ECF #31 at 10.) The court further instructed Yoonessi that the amended complaint must stand on its own, without reference to prior pleadings. (1-JamesSER-50, ECF #31 at 10.) Most importantly, the court instructed that an amended complaint must include "concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims" and that "each claim and the involvement of each defendant must be sufficiently alleged." (1-JamesSER-51, ECF #31 at 11.)

31

Yoonessi failed to follow those instructions. The amended complaint cured none of the defects identified with respect to the New York State Defendants. When required to defend the amended complaint in response the New York State Defendants' motion to dismiss, and again in his objections to the report and recommendation, Yoonessi failed to articulate either a cognizable claim against the New York State Defendants or a basis for asserting personal jurisdiction over them in California federal court.

At that point, the district court was fully justified in denying leave to amend the complaint further. "Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile." *Rutman Wine Co. v. E.&J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). Futility may occur when the district court "identified the defects" in the complaint and granted leave to cure them, yet the plaintiff "did not cure the deficiencies." *Id.* Here, Yoonessi's amended complaint was just as incomprehensible as his original complaint, if not more so. Under the circumstances presented here, the district court "could reasonably conclude that further amendment would be futile." *Sylvia Landfield Trust v. City of Los Angeles,*

729 F.3d 1189, 1196 (9th Cir. 2013) (internal quotation marks and citation omitted).

## CONCLUSION

The judgment should be affirmed.

Dated:      Albany, New York
            June 4, 2025

                                 Respectfully submitted,

                                 LETITIA JAMES
                                   *Attorney General*
                                   *State of New York*

                               By:  */s/ Frederick A. Brodie*
                                    Frederick A. Brodie
                                    Assistant Solicitor General

BARBARA D. UNDERWOOD
  *Solicitor General*
VICTOR PALADINO
  *Senior Assistant Solicitor General*
     *of Counsel*

                                 Office of the Attorney General
                                 The Capitol
                                 Albany, New York 12224-0341

## CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number** 25-1329

I am the attorney for appellees James and Tisch in 25-1329.

**This brief contains 6,291 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties;

    [ ] a party or parties are filing a single brief in response to multiple briefs; or

    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** \_\_\_\_/s/ Frederick A. Brodie_____

**Date:** June 6, 2025

34