No. 25-1329

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MAHMOOD YOONESSI,
    *Plaintiff-Appellant*,

V.

LETICIA JAMES, *et al.*,
    *Defendants-Appellees*.

**On Appeal from the United States District Court
for the District of California
No. 800-2020-073101**

### DEFENDANTS-APPELLEES' ANSWERING BRIEF

ROB BONTA
  *Attorney General of California*
GLORIA L. CASTRO
  *Senior Assistant Attorney General*
MICHAEL C. BRUMMEL
  *Supervising Deputy Attorney General*
MEGAN R. O'CARROLL
  *Deputy Attorney General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7543
Fax: (916) 327-2247
Megan.OCarroll@doj.ca.gov
  *Attorneys for Defendants-Appellees Prasifka
  and Medical Board California*

June 10, 2025

# TABLE OF CONTENTS

                                                                        **Page**

Introduction ................................................................................................... 1

Statement of Jurisdiction .............................................................................. 2

Issues Presented ........................................................................................... 2

Statement of the case ................................................................................... 3

      I.      Background of the Parties ........................................................ 3

      II.     Procedural History .................................................................... 4

      III.    The district court's dismissal ................................................... 5

Standard of review ....................................................................................... 5

Argument ...................................................................................................... 6

      I.      Yoonessi Failed to State a Claim Against MBC or Prasifka. .... 6

      II.     The District Court Properly Dismissed the First Amended Complaint Without Leave to Amend. ......................................................... 7

      III.   Yoonessi's Opening Brief Does not Raise any Discernable Grounds for Error Below. ...................................................................... 10

Conclusion ................................................................................................. 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Arnett v. DalCielo*
   14 Cal.4th 4 (1996) ................................................................................... 3

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .................................................................................. 6

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*
   403 U.S. 388 (1971) .................................................................................. 7

*Friedman v. Am. Assoc. of Retired Persons, Inc.*
   855 F.3d 1047 (9th Cir. 2017) ................................................................... 6

*Pennhurst State Sch. & Hosp. v. Halderman*
   465 U.S. 89 (1984) .................................................................................... 8

*Platt v. Moore*
   15 F.4th 895 (9th Cir. 2021) ..................................................................... 9

*United States ex rel. Kelly v. Serco, Inc.*
   846 F.3d 325 (9th Cir. 2017) ................................................................... 11

*United States v. Ritchie*
   342 F.3d 903 (9th Cir. 2003) ..................................................................... 6

*Watison v. Carter*
   668 F.3d 1108 (9th Cir. 2012) ................................................................... 6

*Will v. Mich. Dep't State Police*
   491 U. AS. 58, 71 (1989) ........................................................................... 7

*Yoonessi v. Albany Medical Ctr.*
   352 F.Supp.2d 1096 (C.D. Cal. 2005) ....................................................... 9

*Yoonessi v. Brown*
   2010 WL 2636495 (Cal. Ct. App. 2010) ................................................... 4

*Yoonessi v. Medical Bd. of California*
   195 F. App'x 628 (9th Cir. 2006) ............................................................. 9

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Yoonessi v. State Medical Board of Ohio*
  2024 WL 196096 (Ohio Ct. App. 2024)..................................................3, 4

*Ex parte Young*
  209 U.S. 123 (1908)..................................................................................8

**STATUTES**

28 United States Code § 1291..........................................................................2

28 United States Code § 1331..........................................................................2

28 United States Code § 1343(a)......................................................................2

42 United States Code § 1983..............................................................1, 4, 5, 7

California Business & Professions Code § 2001 ............................................3

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment................................................................................8, 10

**COURT RULES**

Federal Rule of Appellate Procedure 4(a)(1)(A) ............................................2

Federal Rule of Civil Procedure 12(b)(1) .......................................................8

Federal Rule of Civil Procedure 12(b)(6) ...................................................1, 6

## INTRODUCTION

Plaintiff-Appellant Mahmood Yoonessi is a former physician who once held medical licenses in multiple states, including California. The New York Board of Medicine revoked his New York Medical License in 2002 for committing acts of professional negligence with multiple patients. In 2003, the Medical Board of California (MBC), took reciprocal action, revoking Yoonessi's California Medical License under a provision that allows the MBC to discipline a license for acts that would constitute grounds for discipline if they had occurred in California.

In this lawsuit Appellant Yoonessi's operative complaint is largely unintelligible, but it appears to raise claims under 42 U.S.C. § 1983 for violations of the Constitution associated with his loss of medical licensure, and he seeks two billion dollars in damages as well as punitive damages. While Defendant-Appellees Prasifka and MBC are named on the caption page, there are no factual allegations against them and, therefore, the district court properly dismissed this action under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim.

Prasifka and MBC also noted below that they are entitled to dismissal on multiple other grounds, including that Yoonessi's claims are res judicata. While the district court agreed that this is "exceedingly likely," due to the opacity of Yoonessi's pleadings and the complete lack of factual allegations against Prasifka or MBC, the court based the dismissal on the fact that Yoonessi failed to state a

1

claim. Furthermore, on appeal, Yoonessi has not articulated a single comprehensible legal basis for error in the district court's ruling. As such, any legal arguments Yoonessi may have intended to bring challenging the decision below are waived, and the district court's dismissal should be affirmed.

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction over Yoonessi's civil rights claims under 28 U.S.C. §§ 1331 and 1343(a). The district court entered final judgment for Defendants on February 13, 2025 (SER-81). Yoonessi timely appealed on February 28, 2025. (SER-83; Fed. R. App. P. 4(a)(1)(A).) This Court has jurisdiction under 28 U.S.C. § 1291.

## ISSUES PRESENTED

1. Yoonessi listed Defendant-Appellants Prasifka and MBC as parties to this lawsuit but failed to allege any acts or omissions by either party, even after being given leave to amend to cure that deficiency. No allegations can be found against either MBC or Prasifka at any place in the operative complaint except the caption page and the list of parties. Given this, did the District Court correctly dismiss both Prasifka and MBC, without leave to amend, on the grounds that Yoonessi failed to state a claim against either one?

2. In his opening brief on appeal, Yoonessi failed to articulate any legal basis for why the district court's dismissal of his complaint against Praskifa or the

2

MBC was incorrect or why he should have been given leave to amend yet again. Under these circumstances, did Yoonessi waive any argument on appeal?

## STATEMENT OF THE CASE

### I. BACKGROUND OF THE PARTIES

The MBC is a state agency within the California Department of Consumer Affairs. Cal. Bus. & Prof. Code § 2001. The Board is charged with the duty to protect the public against incompetent, impaired or negligent physicians, and is authorized to exercise police power authority on behalf of the people of the State of California. *See Arnett v. DalCielo,* 14 Cal.4th 4 (1996). The MBC must "take action against any licensee who is charged with unprofessional conduct." *Id*. § 2234. If a licensed California physician sustains discipline in another jurisdiction for an act that would constitute grounds for discipline if it had occurred in California, the MBC has the authority to discipline the physician's California medical license in a reciprocal manner. *Id*. § 2305.

For the last twenty years, Yoonessi has instituted state and federal civil lawsuits in California, New York, and Ohio, raising various claims and seeking various forms of relief stemming from his loss of medical licensure. *Yoonessi v. State Medical Board of Ohio*, 2024 WL 196096, *1 (Ohio Ct. App. 2024). Because Yoonessi's allegations in the original and First Amended Complaint below were mainly unintelligible, the district court resorted to reviewing factual

3

summaries of Yoonessi's background and history of litigation to develop a context of his lawsuit in this case. (SER 78, 2-3.) From this review, the court below was able to discern that Yoonessi previously held medical licensure in New York, Ohio, and California. *Yoonessi v. Brown*, 2010 WL 2636495 (Cal. Ct. App. 2010). In 2002, the Medical Board of New York revoked his medical license due to negligence in patient care, and the California Board followed suit in 2003. (*Id*. at 1.)

## II. PROCEDURAL HISTORY

On January 6, 2023, Yoonessi filed the original complaint in this case. (SER-1.) On January 17, 2024, the district court dismissed the complaint for failure to state a claim, with leave to amend. (SER-13.) On February 15, 2024, Plaintiff filed the First Amended Complaint. (SER-34.) Yoonessi sued the Attorney General of New York, attorneys in California, Ohio, a bank and the MBC and Prasifka in his official capacity as the Executive Director of the MBC. Although largely unintelligible, Yoonessi appeared to raise constitutional claims against all Defendant-Appellees under 42 U.S.C. S 1983 in connection with the revocation of his medical license. (SER 34.) He sought monetary damages as the sole form of relief. (SER-34.)

Appellees MBC and Prasifka moved to dismiss the First Amended Complaint on multiple grounds, including that the lower court lacked subject matter

jurisdiction over MBC and Prasifka because they are entitled to immunity, that it lacked personal jurisdiction over them for insufficient process because Yoonessi never served either of them with a copy of either complaint, and that insofar as the First Amended Complaint may be intended to sue the Board for revoking his medical license, that claim would be barred under the doctrine of res judicata. (SER 56.) Finally, Prasifka and MBC argued that the amended complaint failed to state a claim for relief against them because there were no factual allegations against them, even after the court had provided Yoonessi an opportunity to correct that glaring deficiency in the pleading. (*Id*.)

## III. THE DISTRICT COURT'S DISMISSAL

The district court elected not to reach the questions of jurisdiction or process, and dismissed MBC and Prasifka on the basis that Yoonessi failed to state a claim against them because there were no factual allegations against either party. (SER 78, 80.) The district court nonetheless noted that to the extent Yoonessi's confusing pleading might have intended to bring a claim against the Board for claims arising out of the revocation of his medical license that this "very likely" would be barred under the doctrine of res judicata. (SER 78 at 9:5-7.)

## STANDARD OF REVIEW

This Court reviews a district court's grant of a motion to dismiss de novo, and all well-pleaded allegations of material fact are accepted as true and construed in

5

the light most favorable to the plaintiff. *See Friedman v. Am. Assoc. of Retired Persons, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017). Dismissal without leave to amend is appropriate when the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (internal quotation marks and citation omitted).

## ARGUMENT

### I. YOONESSI FAILED TO STATE A CLAIM AGAINST MBC OR PRASIFKA.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice." *Id*. In ruling on a motion to dismiss under Rule 12(b)(6), the court may consider documents referenced in a complaint as well as matters subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The First Amended Complaint contains absolutely no allegations at all against Appellees MBC or Prasifka. (SER-34.) For example, Prasifka's name cannot be found anywhere in the First Amended Complaint except the title of the case on the caption page. MBC is listed only in the title and on page 3 of the First Amended

Complaint, listing the parties. Neither MBC nor Prasifka is mentioned in the Statement of the Claim, and there are no factual allegations referencing either party. Consequently, Yoonessi has failed to state any claim for relief against MBC or Prasifka.

## II. THE DISTRICT COURT PROPERLY DISMISSED THE FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND.

The district court properly dismissed Yoonessi's First Amended Complaint without further leave to amend. Any further amendments would have been futile because MBC and Prasifka would be immune from Yoonessi's claims, even if he were to allege specific conduct. Yoonessi's claims for damages against MBC, and Prasifka would not be cognizable under 42 U.S.C. § 1983 because the statute does not provide a cause of action for damages claims against officials in their official capacity—the Supreme Court has held that States and their officials are not "persons" subject to such suits under section 1983. *See Will v. Mich. Dep't State Police*, 491 U. AS. 58, 71 (1989). The Supreme Court has recognized an implied cause of action for damages only against federal officials for Constitutional violations, not state officials, as Prasifka is here, and certainly not against a state agency like the MBC. *See generally, e.g., Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Yoonessi would therefore not be able to state a claim, even if he were given another opportunity to amend his Complaint against the MBC and Prasifka.

Moreover, Under Rule of Civil Procedure 12(b)(1), Yoonessi would also lack subject matter jurisdiction. In analyzing a motion under Rule 12(b)(1), a court does not presume the truthfulness of a plaintiff's allegations and may hear evidence not presented in the complaint. *Id*. A motion under Rule 12(b)(1) is the proper vehicle to raise the argument that a plaintiff's claims are barred by sovereign immunity. *Id*.

The Eleventh Amendment precludes a suit brought against a State in federal court. *E.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A State's sovereign immunity also "bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Id*. at 101 (citation omitted).

"The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Id*. at 102 n.11 (*quoting Dugan v. Rank*, 372 U.S. 609, 620 (1963)). When a suit brought against a state official "is in fact a suit against a State," it is barred by sovereign immunity "regardless of whether it seeks damages or injunctive relief." *Id*. at 102. It should be noted that there is an "important exception to this general rule." *Pennhurst*, 465 U.S. at 102. Under *Ex parte Young*, 209 U.S. 123 (1908), sovereign immunity does not bar a suit against a state official seeking prospective relief to remedy an ongoing or

8

future violation of federal law. This exception, however, is inapplicable here, as Yoonessi has only sought money damages as relief in his First Amended Complaint, ostensibly related to his California former medical licensure.

The Ninth Circuit has made clear that "'absent waiver by the State or valid congressional override,' state sovereign immunity protects state officer defendants sued in federal court in their official capacity from liability in damages, including nominal damages." *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166-69 (1985)) (emphasis added).

Here, the MBC is a state agency, and Prasifka is sued in his official capacity due to having been the Executive Director of the MBC. Plaintiff seeks an award of two billion dollars in damages against the MBC and Prasifka. Such a claim is plainly barred by the State's sovereign immunity.

Finally, Yoonessi's litigation history is rife with repeated litigation of claims relating to his loss of medical licensure. Despite this, his claims have not been sharpened into focus here, and remain unintelligible. *See e.g., Yoonessi v. Medical Bd. of California,* 195 F. App'x 628 (9th Cir. 2006) (affirming dismissal of Yoonessi's civil rights claims against the medical board and agreeing with the district court's conclusions "that it lacked personal jurisdiction over many of the defendants, and that Yoonessi failed to state a claim with respect to others."); *Yoonessi v. Albany Medical Ctr.*, 352 F.Supp.2d 1096, 1104 (C.D. Cal. 2005)

9

(finding Yoonessi's claims against the MBC and MBC officials barred under the Eleventh Amendment).

Another basis for futility here is that Yoonessi's claims appear to be previously litigated, and therefore, are barred by the doctrine of res judicata. There is no reason to believe that he would be able to state a cognizable claim against the MBC or Prasifka after failing to do so in multiple jurisdictions over the past two decades. Therefore, the district court properly dismissed the operative complaint without leave to amend, both because Yoonessi had already been given an opportunity to amend, and because any further leave would be futile.

### III. YOONESSI'S OPENING BRIEF DOES NOT RAISE ANY DISCERNABLE GROUNDS FOR ERROR BELOW.

Yoonessi's opening brief in this matter is as opaque as the pleadings below. It consists of 25 pages of disjointed sentences connected by semi-colons. Most of the statements in his brief appear to relate to his attempt to challenge the New York Medical Board's original action against his medical licenses over twenty years ago, not to any claims of error by the district court in dismissing the instant lawsuit. For example, under the heading "Statement of Issue Presented for Review," Yoonessi wrote, among other things, "Is there a scintilla of evidence that Patient A ever came to Appellant's Office? Or her complete record was before the reviewers?" (Op. Br. at 20.) To the extent he references the lower court's order in any way, he raises unintelligible disjointed statements that have no bearing on the analysis here.

(E.g., "Magistrate Judge's Report & Recommendations condones the action; Ignoring provisions of Universal Commercial Code; even though UCC is now adopted by 50 states, California included." Op. Br. at 12; "Maj J. R. finds such superglue, he still faces relocating Polytechnic Institute to the Tehran University's site, and Petitioner's household back to No. 9 Bobby lane in Williamsville Ny." Op. Br. at 16.)

This Court need not consider "matters on appeal that are not specifically and distinctly argued in [the] opening brief, are argued only in passing, or that constitute bare assertions without supporting argument." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017) (internal quotation marks omitted). Yoonessi failed to articulate any legal basis for reversing the district court's order. Any arguments challenging the district court's dismissal should, therefore, be deemed waived.

/ / /

/ / /

/ / /

11

## CONCLUSION

The District Court properly dismissed Appellees Prasifka and MBC because Yoonessi failed to state a claim against them. Yoonessi failed to demonstrate reversible error. Thus, this Court should affirm the district court judgment.

Dated: June 10, 2025

Respectfully submitted,

/s/ *Megan R. O'Carroll*

Rob Bonta
  *Attorney General of California*
Gloria L. Castro
  *Senior Assistant Attorney General*
Michael C. Brummel
  *Supervising Deputy Attorney General*
Megan R. O'Carroll
  *Deputy Attorney General*

12

## STATEMENT OF RELATED CASES

The State is not aware of any related cases, as defined by Ninth Circuit Rule 28-2.6, that are currently pending in this Court and are not already consolidated here.

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 12-1329

I am the attorney or self-represented party.

**This brief contains** 3,331 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- ● complies with the word limit of Cir. R. 32-1.
- ○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - ☐ it is a joint brief submitted by separately represented parties.
  - ☐ a party or parties are filing a single brief in response to multiple briefs.
  - ☐ a party or parties are filing a single brief in response to a longer joint brief.
- ○ complies with the length limit designated by court order dated _____.
- ○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Megan O'Carroll **Date** 6/10/2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** Rev. 12/01/22

# CERTIFICATE OF SERVICE

Case Name: **In the Matter of: Yoonessi, Mahmood, M.D. v. Prasifka, et al.**

Case No. **25-1329**

I hereby certify that on June 10, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS-APPELLEES' ANSWERING BRIEF**

I certify that **all** participants in the case are registered ACMS users, and that service will be accomplished by the ACMS system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on June 10, 2025, at Los Angeles, California.

Alma Pantoja
Declarant

*Alma Pantoja*
Signature

SA2025301122
POS.docx