Case No. 25-1329

# United States Court of Appeals for the Ninth Circuit

MAHMOOD YOONESSI,
*Plaintiff/Appellant,*
v.
LETITIA JAMES, et al.,
*Defendants/Appellees.*

## ANSWERING BRIEF

On Appeal from the United States District Court
for the Eastern District of California
Honorable Troy L. Nunley, Chief United States District Judge
Honorable Sean C. Riordan, Magistrate Judge
Civil Case No. 2:23-cv-00023-TLN-SCR

John M. Sorich (CA Bar No. 125223)
John.Sorich@piblaw.com
Mariel Gerlt-Ferraro (CA Bar No. 251119)
Mariel.Gerlt-Ferraro@piblaw.com
PARKER IBRAHIM & BERG LLP
3070 Bristol Street, Suite 660
Costa Mesa, California 92626
Tel: (714) 361-9550; Fax: (714) 784-4190

Attorneys for Appellees
JPMorgan Chase Bank, N.A. and Lynette Antosh

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, appellees JPMorgan Chase Bank, N.A. ("**Chase**") and Lynette Antosh hereby provide the following information:

Chase is a national association. Chase is a wholly owned subsidiary of JPMorgan Chase & Co., a publicly traded corporation. JPMorgan Chase & Co. does not have a parent corporation and no publicly held corporation owns ten percent (10%) or more of its stock.

However, The Vanguard Group, Inc., an investment adviser which is not a publicly held corporation, has reported that registered investment companies, other pooled investment vehicles and institutional accounts that it or its subsidiaries sponsor, manage or advise have aggregate ownership under certain regulations of ten percent (10%) or more of the stock of JPMorgan Chase & Co.

DATED:  June 11, 2025          PARKER IBRAHIM & BERG LLP

By: _/s/ Mariel Gerlt-Ferraro_
JOHN M. SORICH
MARIEL GERLT-FERRARO
Attorneys for Appellees
JPMORGAN CHASE BANK, N.A.
and LYNETTE ANTOSH

## TABLE OF CONTENTS

I.    STATEMENT OF JURISDICTION ................................9

II.   ISSUES PRESENTED FOR REVIEW ........................10

III.  STATEMENT OF THE CASE ....................................11

IV.   STATEMENT OF FACTS AND ALLEGATIONS ......................12

V.    STATEMENT OF RELEVANT PROCEDURAL HISTORY ......14

VI.   FINDINGS AND ENTERED JUDGMENT ...............................17

VII.  ARGUMENT.................................................................20

      A.   Standard of Review ............................................20

      B.   Issues on Appeal Are Limited and the District Court's
           Order May Be Affirmed on any Ground.............................21

      C.   Appellant Waived Issues Not Adequately Addressed .......22

      D.   The MTD Was Properly Granted for Failure to State a
           Claim.................................................................23

           i.    The Claims Asserted Under Section 1983 ...............25

           ii.   Claims Based Upon Constitutional Amendments
                 and Federal Statutes ...................................25

           iii.  The Fraud-Based Claim Was Subject to Dismissal .27

      E.   Leave to Amend Was Properly Denied ..............................28

      F.   Lack of Service and Jurisdiction ........................................30

      G.   Appellant's Motions Were Properly Denied.......................32

    H.       Objections Were Untimely ....................................................33

VIII. CONCLUSION .................................................................................35

STATEMENT OF RELATED CASES ..................................................36

CERTIFICATE OF COMPLIANCE ....................................................37

# TABLE OF AUTHORITIES

Cases

*Acosta-Huerta v. Estelle*,
No. 90-56283, 1992 U.S. App. LEXIS 38215
(9th Cir. Jan. 23, 1992) ...................................................... 23

*AK Futures LLC v. LCF Labs, Inc.*,
No. 8:21-cv-02121-JVS(ADSx), 2023 U.S. Dist. LEXIS 151769,
at *4-5 (C.D. Cal. July 21, 2023) ........................................ 31

*Alaska v. United States*,
201 F.3d 1154 (9th Cir. 2000) ............................................ 21

*Allen v. Beverly Hills*,
911 F.2d 367 (9th Cir. 1990) ........................................ 28, 29

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................... 20, 24

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................... 21, 24

*Benny v. Pipes*,
799 F.2d 489 (9th Cir. 1986) ............................................ 30

*Birdwell v. Larson*,
2006 U.S. Dist. LEXIS 23663, *16 (Ore. Apr. 2006) ............ 27

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) ............................................ 30

*Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*,
818 F.2d 1466 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988) .... 28

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) ............................................ 20

*Chilicky v. Schweiker*,
796 F.2d 1131 (1986), *reversed on other grounds by*
487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ........ 30

*Chirag v. MT Marida Marguerite Schiffahrts*,
604 Fed. Appx. 16 (2d Cir. 2015) ...................................... 31

*Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*,
626 F.3d 483 (9th Cir. 2010) ............................................ 22

*Conservation Nw. v. Sherman*,
   715 F.3d 1181 (9th Cir. 2013) ....................................................21

*Daviditis v. National Bank of Mattoon*,
   262 F.2d 884 (7th Cir. 1959) .....................................................26

*Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*,
   42 F.3d 1541 (9th Cir. 1994) .....................................................24

*Fid. Fin. Corp. v. Fed. Home Loan Bank*,
   792 F.2d 1432 (9th Cir. 1986) ...................................................29

*Johnson v. Dayton Elec. Mfg. Co.*,
   140 F.3d 781 (8th Cir. 1998), *reh'g, en banc, denied*,
   1998 U.S. App. LEXIS 9332 (8th Cir. May 7, 1998) ...........33

*Khan v. CitiMortgage, Inc.*,
   975 F.Supp. 2d 1127 (E.D. Cal. 2013) ...................................27

*Kirtley v. Rainey*,
   326 F.3d 1088 (9th Cir. 2003) ...................................................25

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
   940 F.2d 397 (9th Cir. 1991) .....................................................25

*Lazar v. Super. Ct.*,
   12 Cal. 4th 631 (1996) ...............................................................27

*Logan v. U.S. Bank Nat'l Ass'n*,
   722 F.3d 1163 (9th Cir. 2013) ...................................................21

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ...................................................20

*Martinez-Serrano v. INS*,
   94 F.3d 1256 (9th Cir. 1996) .....................................................23

*Mir v. Fosburg*,
   646 F.2d 342 (9th Cir. 1980) .....................................................29

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151, 1154 (9th Cir. 2006) ........................................31

*Sekiya v. Gates*,
   508 F.3d 1198 (9th Cir. 2007) ...................................................22

*Suruki v. Ocwen Loan Servicing, LLC*,
   735 F. App'x 286 (9th Cir. 2018)........................................23, 35

*United States v. Kimble,*
  107 F.3d 712 (9th Cir. 1997) ................................................... 23

*United States v. Stanley,*
  109 U.S. 3 (1883) ..................................................................... 26

*Vela v. ATT,*
  No. 1:23-cv-01628-JLT-SKO, 2024 U.S. Dist. LEXIS 8090,
  at *5 (E.D. Cal. Jan. 16, 2024) ............................................... 33

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ................................................ 28

*Wright v. Brown,*
  No. 94-35486, 1995 U.S. App. LEXIS 27867, at *3
  (9th Cir. Sep. 25, 1995) ........................................................... 35

*Wyatt v. Cole,*
  504 U.S. 158 (1992) ................................................................. 25

*Xie v. Sklover & Co., LLC,*
  260 F. Supp. 3d 30 (D.D.C. 2017) .......................................... 30

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,*
  433 F.3d 1199 (9th Cir. 2006) (en banc) ................................ 31

## Rules

Eastern District Local Rule 230(c) ............................................. 16

Eastern District Local Rule 251 .......................................... 19, 32

Eastern District Local Rule 304(b) ............................................ 34

Fed. R. App. P. 28(a)(6) .............................................................. 23

Fed. R. App. P. 28(a)(9)(A) ......................................................... 22

FRCP 4 ................................................................................. 30, 31

FRCP 6(d) .................................................................................... 34

FRCP 9 ........................................................................... 18, 24, 27

FRCP 12(b) ................................................. 10, 16, 20, 24, 30, 33

FRCP 15 ................................................................................ 28, 32

FRCP 55 ....................................................................................... 33

## Constitutional Provisions

U.S. Const. Amend. 6 ........................................................................ 26

U.S. Const. Amend. 14 ...................................................................... 26

## Codes

28 U.S.C. § 636(b)(1)(C) ................................................................. 34

28 U.S.C. § 1291 ............................................................................... 9

28 U.S.C. § 1331 ............................................................................... 9

28 U.S.C. § 1337 ............................................................................... 9

28 U.S.C. § 1343 ............................................................................... 9

18 U.S.C. § 1621 ............................................................................. 26

42 U.S.C. § 1983 .................................................................. 9, 15, 25

Defendants and Appellees JPMorgan Chase Bank, N.A. ("**Chase**") and Lynette Antosh ("**Antosh**", together with Chase, "**Appellees**") submit the following Appellees' Answering Brief in response to the appeal by Plaintiff and Appellant Mahmood Yoonessi ("**Yoonessi**" or "**Appellant**"), *in propria persona*, of the judgment entered against him on February 13, 2025 ("**Judgment**") before the United States District Court for the Eastern District of California ("**District Court**").

## I. STATEMENT OF JURISDICTION

In the Opening Brief, Appellant asserts that the District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. (*See* Appellant's Opening Brief ["**AOB**"], at 19).

Similar to the nearly unintelligible AOB, the claims asserted against Appellees in Appellant's amended complaint ("**FAC**") were and remain unclear. (*See* Discussion, *infra,* Section IV).

Nonetheless, for purposes of this Answering Brief, Appellees do not dispute that Appellant purported to state claims under 42 U.S.C. § 1983, as well as various Constitutional Amendments, sufficient to trigger the subject matter jurisdiction of the District Court. Further, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. §

1291.

Noting, however, that Appellees challenged personal jurisdiction for lack of proper service. (*See* Discussion, *infra*, Section VII(F)).

## II.    ISSUES PRESENTED FOR REVIEW

Appellant lists approximately thirteen purported issues for review (Appellant's list is unnumbered and not clear), most of which improperly appear to relate to disputes involving the revocation of his medical licenses. (*See* AOB at 20-21).

For clarity, Appellees identify the following issues for consideration pertaining to the Judgment that is the subject of this appeal:

(1) Did the District Court err in granting Appellees' Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("**FRCP**") Rule 12(b)? **Appellees' answer: No.**

(2) Did the District Court abuse its discretion in denying Appellant leave to amend? **Appellees' answer: No.**

(3) Did the District Court err in denying Appellant's motions? **Appellee's answer: No**.

10

### III.  STATEMENT OF THE CASE

In this appeal, Appellant asserts error with the dismissal of his FAC against a number of defendants, including Appellees. Appellant also claims error in connection with the denial of his motions seeking to vacate prior judgments and requests for entry of default judgment. (AOB at 4-5).

The several motions (ECF Nos. 32, 37, 43, 45, 47, 56, 66, 67, and 68) were adjudicated on February 13, 2025 through an order issued by Chief U.S. District Judge Troy L. Nunley (the "**Order**"). (Appellant's Excerpts of Record ["**AER**"] at 000018-19 [ECF No. 80]). The Order confirmed and adopted the Order and Finding and Recommendations issued by U.S. Magistrate Judge Sean C. Riordan (the "**F&R**") on January 14, 2025. (AER at 000005-17 [ECF No. 78]).

No error can be found in connection with the dismissal of the FAC as to Appellees or the rulings denying Appellant's several motions because the Court's findings were supported by the record and appropriate legal analysis. Indeed, the focus of the case appears to be an ongoing challenge to Appellant's loss (revocation) of his medical licenses

in multiple states. Such challenges have spanned many years over multiple jurisdictions.

Appellees Chase and Antosh are strangers to that dispute and it is truly puzzling why these Appellees have been dragged into this case. In the underlying action, Appellant did not articulate a single cognizable claim, nor did he develop a single actionable fact, with regard to Appellees. Thus, the entered Judgment is well supported; and, no abuse of discretion can be identified in connection with the denial of leave.

Finally, in his AOB, Appellant appears to complain about the District Court's rejection of his late-filed objection. (AOB at 4). Yet, no error can be identified on that basis because the objections were untimely and otherwise did not change the District Court's analysis.

Accordingly, the Judgment should be affirmed in full.

### IV.   STATEMENT OF FACTS AND ALLEGATIONS

The FAC as against Appellees is entirely baseless and unsupported.

That is, there is only a cursory reference made within the FAC in any way *potentially* pertaining to these Appellees. (Supplemental Excerpts of Record submitted by Appellees James and Tisch ["**SER-JT**"

at 58 [ECF No. 34 {FAC, § IV (pg. 6 of 7)}]). Indeed, the only potential "fact" or allegation that could remotely relate to Appellees is found under heading "Injuries" in which Appellant asserted "Loss of my Office building without being paid based on Morgage [sic] note, *Been denied Mortgage Loans based on Fraudule [sic] claims of defendant L.Antosch". (*Id*.).

This statement does not even identify the most basic information about the supposed claim. The FAC is so uncertain as to Appellees that they were required to guess at the potential factual allegations intended to be directed against them.

Further, the lack of allegations as to Appellees is apparent from the AOB as well. That is, within Appellant's own "Facts of the Case" and "Historical Aspect of the case", he fails to identify any facts pertaining to Appellees. (*See* AOB, at 6-17). The only reference that could even potentially refer to Appellees is the generalized statement that ". . . they stopped Mortgage payments in June of 2015. . ." (AOB at 12). This generalized statement does not support any claim as to Appellees and certainly does not support a finding of error in this matter as to the dismissal of Appellees.

13

Instead, the lack of any specific facts that could support a claim is illustrated by both the FAC and AOB, which are entirely devoid of any alleged facts relative to purported conduct of Appellees.

## V.    STATEMENT OF RELEVANT PROCEDURAL HISTORY

The action was filed by Appellant on January 6, 2023. (SER-JT at 13-15 [ECF No. 1]).  In the caption of the original complaint, Appellant identified a number of defendants, including "Chase Bank" but did not list Antosh.  (*Id.*).  A summons was issued on January 9, 2023, which did not list "Chase Bank" as a party subject to the summons. (SER-JT at 16 [ECF No. 2]). Further, there are no filings as to any alleged service as to Chase. (SER-JT at 4-11 [Docket]).

Appellant moved for summary judgment, which was denied. (SER-JT at 5-6 [Docket references to ECF Nos. 17, 21]).

Certain named defendants moved to dismiss (SER-JT at 5, 18-40 [ECF Nos. 16, 18]). Those motions were granted on January 17, 2024. (SER-JT at 7, 41-52 [ECF No. 31]). In the January order, the District Court granted the motions under FRCP Rules 12(b)(1) and 12(b)(6). (*Id.*). Appellant was given 28 days leave to amend. (*Id.*).

The order issued in January 2024 also disposed of another summary judgment motion filed by Appellant. (*Id.*).

On February 15, 2024, Appellant filed the FAC. (SER-JT at 53-59 [ECF No. 34]). In the caption of the FAC, Appellant again identified "Chase Bank" and also added "Lynette Antosch" as a defendant. (*Id.*). However, no new summons issued as to the FAC. (SER-JT at 7 [Docket]). Furthermore, no proof of service was filed in connection with the FAC as to either Chase or Antosh. (*Id.*).

The FAC purported to state a claim under 42 U.S.C. §1983. (SER-JT at 56-57 [ECF No. 34, pgs. 4-5 of 7]). The FAC also referenced various Constitutional Amendments but did not state <u>any</u> charging allegations regarding Chase or Antosh. (*Id.*). Indeed, the only potential "fact" or allegation that could remotely relate to Appellees was found on page 6 of the FAC under the heading "Injuries" in which Appellant asserted "Loss of my Office building without being paid based on Morgage [sic] note, *Been denied Mortgage Loans based on Fraudule [sic] claims of defendant L.Antosch". (*Id.* at 58).

On February 15, 2024, Appellant filed a Notice of Motion and Motion for Default Judgment. (SER-JT at 7 [Docket - ECF No. 32]).

Having learned of the action, Appellees filed their motion to dismiss ("**MTD**") on February 29, 2024 based upon FRCP Rule 12(b)(2, 4-6). (Appellees' Supplemental Excerpts of Record ["**SER-JPMC**"], at 2-16 [ECF. No. 43]).[1] Also on February 29, 2024, Appellees opposed the motion for default judgment. (SER-JT at 7 [Docket - ECF No. 41]).

Pursuant to Local Rule 230(c), any opposition to the MTD was due "no later than fourteen (14) days after the motion was filed." (*See* Eastern District Local Rule, 230(c)). Appellant did not timely oppose the MTD and Appellees filed a Notice of Non-Opposition on March 22, 2024. (SER-JPMC at 17-18 [ECF No. 48]).

On March 18, 2024, Appellant filed a "Resubmission of Default Motion Notice, Judgment, Complaint, reassertion of all claims thereof, to the alternative Jury Trials pursuant to constitutional AmendmentsVI,VII,IV,XIV,Request [sic] for referral to CongressionalOversight Cmmittees [sic]". (SER-JT at 8 [ECF No. 47]).

Appellees responded on April 1, 2024, noting the motion was procedurally and substantively defective. (SER-JPMC at 19-25 [ECF No. 49]).

---

[1] Motions to dismiss were also filed by co-defendants. (SER-JT at 7-9, 60-71 [ECF Nos. 37, 45, 56]).

Appellant then filed a "Notice of Motion, Motion to Set Aside Fraudulent J [sic] of Riverside Aug 2024" (SER-JT at 10 [Docket - ECF No. 67]) and a "Notice of Motion, Motion to Vaate [sic] Fraudulent J [sic] of NY July 24". (*Id.* [Docket - ECF No. 68]). Appellees filed a response to each, noting "Plaintiff's purpose in submitting the 'Motion', the relief sought, and even the persons against whom the 'Motion' is directed are entirely unclear". (SER-JPMC at 28-31 [ECF Nos. 69-70]).

## VI.    FINDINGS AND ENTERED JUDGMENT

Having taken the MTD and various motions under submission, on January 14, 2025, the District Court issued its F&R. (AER at 000005-000017 [ECF No. 78]). In the F&R, the District Court noted the FAC contained "scant factual allegations", but the focus of those scant allegations, as examined by the District Court, was on the medical license issues and prior litigation involving those disputes. (*Id.*, at 000006-7 [ECF No. 78, pgs. 2-3 {noting Appellant had been deemed a vexatious litigant in California}]).

With regard to the MTD, the District Court noted that the "only references to Chase or Antosh in the FAC are that Antosh's address is at Chase Bank in Columbus, Ohio and the statement: 'Been denied

Mortgage Loans based on Fraudule [sic] claims of defendant L.Antosch [sic]'." (AER at 000009 [ECF No. 78, pg. 5]). The District Court then examined the relevant authority, that "to assert a claim of fraud, such claims must be pled with particularity. [FRCP 9(b)]. Plaintiff's one-sentence bare conclusory statement fails to state a claim." (*Id.*).

The District Court also reasoned that:

Failure to submit an opposition may be deemed consent to the entry of an adverse order. See Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Plaintiff filed a belated opposition on April 1, 2024. ECF No. 50.
Plaintiff's opposition does not address the defects with his FAC.

(*Id.*).

After reviewing the F&R, reviewing the court file, and examining the Magistrate Judge's analysis, the District Court Judge adopted the F&R. Thus, the MTD was granted. (*Id.*, at 000018-19 [ECF No. 80]). Leave to amend was denied. In its analysis, the District Court noted that Appellant was previously granted leave to amend and despite that, filed an "FAC that is almost entirely devoid of any factual allegations". (*Id.* at 000015-16 [ECF No. 78, pgs. 11-12]; *Id.* at 000018-19 [ECF No. 80]). Given these factors and Appellant's litigation experience, the

18

District Court determined further leave to amend would be futile. (*Ibid.*).

The motions to dismiss of Kyle Wilcox, Letitia James, and Medical Board of California, were also granted. (AER at 000010-13 [ECF No. 78, pgs. 6-9]; AER at 000018-19 [ECF No. 80]).

In addressing Appellant's default motions, the District Court recommended denial of the motions because: 1) defendants were not in default; and 2) there had been no clerk's entry of default. (*Id.* at 000007-8 [ECF No. 78, pgs. 3-4]). The motions were denied after the District Court reviewed the record and adopted the recommendations. (*Id.* at 000018-19 [ECF No. 80]).

Appellant's motions to vacate did not contain sufficient legal support nor did such motions seek clear relief, as such each was denied. (*Id.* at 000014-15 [ECF No. 78, pgs. 10-11]; *Id.* at 000018-19 [ECF No. 80]).

With regard to Appellant's discovery motions, the Magistrate Judge denied the April 29, 2024 filing (ECF No. 54) and June 12, 2024 filings (ECF Nos. 61-62), for violation of Local Rule 251. Each was

defective as filed and never reset. (AER at 000013-14 [ECF No. 78, pgs. 9-10]). No error is stated in this regard.

Judgment was entered February 13, 2025. (SER-JT at 491 [ECF No. 81]).

## VII.    ARGUMENT

### A.    Standard of Review

The Court reviews *de novo* an order dismissing a complaint under Rule 12(b)(6).  (*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1027 (9th Cir. 2008)).  In conducting this review, this Court applies the same standards as the District Court, thereby confining its analysis to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  (*Id.* at 1030-1031 (internal quotation marks and citations omitted)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  (*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation marks omitted)).  A complaint that merely offers "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action will not do . . . ." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B.  Issues on Appeal Are Limited and the District Court's Order May Be Affirmed on any Ground**

Generally, arguments may not be raised on appeal that were not presented or developed before the district court. (*See Conservation Nw. v. Sherman*, 715 F.3d 1181, 1188 (9th Cir. 2013)).  Also, generally, where a party did not seek leave to amend in the district court to add a certain allegation, the argument that the matter should nonetheless be remanded with leave to amend that allegation, "is without force." (*Alaska v. United States*, 201 F.3d 1154, 1163 (9th Cir. 2000)).[2]

In reviewing district court decisions, the Court may affirm on any ground that has support in the record, whether or not the lower court decision relied on the same grounds or reasoning adopted by the appellate court. (*See Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013)).

---

[2] To the extent Appellant has included material in his Excerpts of Record (Appellate Docket No. 7) which was not part of the underlying record, such material should be disregarded. Appellant's Excerpts appear to contain documents not filed in the District Court at Excerpt pgs. 56-58, 115-129, 131-137, 144-163, 171-174, 176-177, 181-188.

### C.   Appellant Waived Issues Not Adequately Addressed

Appellate courts ordinarily will not consider matters on appeal that are not "specifically and distinctly" raised and argued in the opening brief. (*Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu, 626 F.3d 483, 485 (9th Cir. 2010)*).

Notwithstanding the thirteen purported issues for review outlined by Appellant in his AOB (AOB at 20-21), Appellant does not address the supposed issues in any meaningful way in his AOB. Indeed, the "argument" within the AOB consists of no more than a general "due process" assertion (AOB at 21), a recitation of general pleading standards (AOB at 22), and certain references to the California Code of Civil Procedure. (AOB at 23). The appeal fails on this basis. (*See* Fed. R. App. Proc., Rule 28(a)(9)(A); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) ("Bare assertions and lists of facts unaccompanied by analysis and completely devoid of case law fall far short of the requirement that counsel present appellant's contentions and the reasons for them.")).

Further, where an appellant fails to coherently develop an argument in his brief, it is deemed "to have been abandoned." (*United*

*States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) (citing Fed. R. App. P. 28(a)(6); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996)). Likewise, issues raised by briefs that are not supported by argument are also deemed abandoned. (*Acosta-Huerta v. Estelle*, No. 90-56283, 1992 U.S. App. LEXIS 38215 (9th Cir. Jan. 23, 1992)). As Appellant has failed to articulate any perceived error by the District Court or state any cogent argument in the AOB, he has forfeited any right to further argument. (*See Suruki v. Ocwen Loan Servicing, LLC*, 735 F. App'x 286, 289 (9th Cir. 2018) (inadequately developed contentions forfeited)).

Thus, this Court should summarily dispose of the appeal and affirm the Judgment.

### D. The MTD Was Properly Granted for Failure to State a Claim

In the F&R, the District Court noted the FAC contained "scant factual allegations". (AER at 000006-7 [ECF No. 78, pgs. 2-3]). Indeed, the FAC was nearly unintelligible and contained only one reference that could be construed in any way as applying to Appellees. The MTD was properly granted for failure to state a claim. And, this Court could also affirm the judgment on the lack of personal jurisdiction and failure to

properly serve the FAC, each of which separately support dismissal.

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." (*Bell Atlantic Corp.*, 550 U.S. at 548). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft*, 556 U.S. at 663).

Additionally, Rule 9 states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, Rule 9(b) serves to furnish defendant with notice, but also imposes the additional obligation on plaintiff to "aver with particularity the circumstances constituting the fraud." (*Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1547 (9th Cir. 1994)).

Further, Rule 9(b) requires that a claim for fraud or misrepresentation allege with particularity "the circumstances constituting fraud or mistake." The pleading must "detail with particularity the time, place, and manner of each act of fraud, plus the

role of each defendant in each scheme." (*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)).

Appellant did not meet any of these pleading standards within the FAC, thereby subjecting the FAC to dismissal.

### i. The Claims Asserted Under Section 1983

Appellant's claims premised upon 42 U.S.C. §1983 failed as a matter of law because Appellees are not state actors. Section 1983 applies only to "state actors" and bars conduct that would "under color of law" act to deprive someone of their rights under the Constitution or the law. (*See* 42 U.S.C. §1983; *see also Wyatt v. Cole*, 504 U.S. 158 (1992)). There is no applicable exception here. (*See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)). There are no allegations that would classify any conduct of Appellees as that of a state actor. Based upon the limited and unintelligible allegations asserted, the FAC contained insufficient allegations to support such a claim. The MTD was properly dismissed on this basis.

### ii. Claims Based Upon Constitutional Amendments and Federal Statutes

The FAC references various Constitutional Amendments to

demonstrate a purported legal violation; however, the claims failed because Appellees are not state actors and the amendments were otherwise inapplicable. For example, the 6th Amendment is inapplicable to the instant case. The 6th Amendment provides for due process rights and right to a speedy trial, as to the accused, with regard to criminal prosecutions. U.S. Const. Amend. 6. Appellant did not plead any facts that would pertain to such a claim.

The 14th Amendment provides in pertinent part "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens…" U.S. Const. Amend. 14 § 1. Alleged invasion of civil rights by individual actors is "not the subject-matter of the [Fourteenth] amendment." *United States v. Stanley*, 109 U.S. 3, 11 (1883). Likewise, the general references to several amendments failed as against Appellees.

Appellant also generally referenced several criminal statutes, including 18 U.S.C. § 1621 (perjury). (*See* SER-JT at 56 [ECF No. 34 {FAC, § II(B)}]). But, such allegations failed as a matter of law because there is no private right of action under such criminal code sections. (*See Daviditis v. National Bank of Mattoon*, 262 F.2d 884, 886 (7th Cir.

1959) (criminal codes generally do not confer jurisdiction to civil controversies); *Birdwell v. Larson*, 2006 U.S. Dist. LEXIS 23663, *16 (Ore. Apr. 2006) ("…I note that 18 U.S.C. § 3 contains no private right of action under which Birdwell can sue Judge Koch.")).

### iii.  The Fraud-Based Claim Was Subject to Dismissal

Within the FAC, the only "allegation" in any way pertaining to Appellees was the reference to having "[b]een denied Mortgage Loans based on Fraudule [sic] claims of defendant L. Antosch". (*See* SER-JT at 58 [ECF No. 34 {FAC, § IV}]). But Appellant failed to state facts sufficient to constitute a claim for relief pursuant to Rule 9. Indeed, in order to state a valid claim based in fraud, a plaintiff must allege: (1) misrepresentation of a material fact; (2) knowledge of falsity (or "*scienter*"); (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. (*Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)).

"F.R.Civ.P. 9 (b) requires a party to 'state with particularity the circumstances constituting fraud.'" (*Khan v. CitiMortgage, Inc.*, 975 F.Supp. 2d 1127, 1139 (E.D. Cal. 2013)). "[W]hile a federal court will examine state law to determine whether the elements of fraud have

been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." (*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)). The FAC was woefully insufficient and no error can be found in the Order granting the MTD for failure to state a claim.

### E. Leave to Amend Was Properly Denied

Denial of leave to amend is reviewed for abuse of discretion. (*Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). The general rule is that a district court must be guided by the command of FRCP 15(a) which provides that "leave shall be freely given when justice so requires." (*Id*.). However, absent a definite and firm conviction that the district court committed a clear error of judgment, an appellate court will not disturb the district court's decision. (*Id*.; *see also*, *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988)). In this case, the District Court did not abuse its discretion in denying leave to amend because it assessed potential ability to amend and found permitting further leave would be futile.

Moreover, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (*Allen, supra,* 911 F.2d at 373; *see also, Fid. Fin. Corp. v. Fed. Home Loan Bank,* 792 F.2d 1432, 1438 (9th Cir. 1986) (refusing to allow plaintiff to file an amended pleading where "[t]he factual bases of the claims were known to [plaintiff] long before" and the defendant would have been prejudiced); *Mir v. Fosburg,* 646 F.2d 342, 347 (9th Cir. 1980)).

Here, Appellant already had an opportunity to amend and even his amended claims contained almost no factual detail or support. Thus, the District Court did not abuse its discretion in denying leave to amend.

Finally, in his AOB, Appellant fails to establish any means by which amendment could have cured any deficiencies within the FAC. And, based upon the pleadings, the exhibits and the matters subject to judicial notice, amendment would indeed be futile. As such, the District Court's Order and the Judgment entered thereon should be affirmed in its entirety.

29

F.    Lack of Service and Jurisdiction

As noted above, Appellant did not properly serve Appellees in this matter. Accordingly, a separate basis for dismissal was and remains lack of personal jurisdiction for want of adequate service; and, as to Antosh, failure to establish minimum contacts to satisfy personal jurisdiction requirements.

A federal court does not have personal jurisdiction over a defendant unless the defendant has been served properly. (FRCP Rule 4; *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

Both Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure allow a motion to dismiss for insufficiency of process or insufficiency of service of process. (*Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (1986), *reversed on other grounds by* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *see also Xie v. Sklover & Co., LLC*, 260 F. Supp. 3d 30, 38 (D.D.C. 2017)). Once service is challenged, a plaintiff bears the burden of establishing that service was valid under Rule 4. (*Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)). In this instance, no service was ever effected as to Appellees and Appellant never met his burden to show proper service of process. Thus, the lack

30

of service separately supports dismissal.

Furthermore, personal jurisdiction over an out-of-forum defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. (*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). Jurisdiction must also comport with law of the forum state. (See Fed. R. Civ. P. 4(k)(1)(A); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc); *see also AK Futures LLC v. LCF Labs, Inc.*, No. 8:21-cv-02121-JVS(ADSx), 2023 U.S. Dist. LEXIS 151769, at *4-5 (C.D. Cal. July 21, 2023) (same)).

Applied here, Appellant did not establish the minimum jurisdictional requirements by the allegations set forth in the FAC. That is, to the extent Appellant asked the District Court to exercise personal jurisdiction over Appellees, and with particular reference to the individual Antosh, identified within the FAC as having a mailing address in Ohio, he failed to state "fact-specific allegations. . .showing that activity that constitutes the basis of jurisdiction has taken place". (*See Chirag v. MT Marida Marguerite Schiffahrts*, 604 Fed. Appx. 16, 19 (2d Cir. 2015)). As Appellant did not satisfy even a prima facie

showing to establish personal jurisdiction to proceed against Appellees, the motion to dismiss was well-supported on this additional basis.

### G. Appellant's Motions Were Properly Denied

As noted above, Appellant's motions for default, to vacate, and discovery motions were unintelligible and otherwise procedurally defective. The motions to vacate did not contain sufficient legal support nor did such motions seek clear relief, as such each was properly denied. (AER at 000014-15 [ECF No. 78, pgs. 10-11]; AER at 000018-19 [ECF No. 80]). With regard to the discovery motions, the Magistrate Judge denied each motion for violation of Local Rule 251, which reasoning is well-supported. (*Id.* at 000013-14 [ECF No. 78, pgs. 9-10]). Appellant does not address any of these defects in his AOB, waiving such issues.

As it relates to the default motions, Appellant had no grounds to pursue default judgment. Pursuant to Rule 15, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." (Rule 15). Furthermore, once an amended pleading is filed, that amended pleading supersedes the

original one, and the original pleading has no function in case. (*Vela v. ATT,* No. 1:23-cv-01628-JLT-SKO, 2024 U.S. Dist. LEXIS 8090, at *5 (E.D. Cal. Jan. 16, 2024)).

The FAC was filed on February 15, 2024. And, even if Appellant had properly served the FAC on that same date (which was not done as to these Appellees), the default motions were defective because Appellees timely responded to the FAC by motion on February 29, 2024 and no default could have been taken. (See FRCP 12(b)).

Moreover, under Rule 55, a plaintiff must first obtain entry of default before seeking entry of judgment by default. (*Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998), *reh'g, en banc, denied,* 1998 U.S. App. LEXIS 9332 (8th Cir. May 7, 1998) (entry of default under FRCP 55(a) must precede grant of default judgment under FRCP 55(b))). As no clerk default had been requested the motions were defective on that basis as well.

## H. Objections Were Untimely

With regard to Appellant's untimely objections to the F&R (SER-JT at 94-490 [ECF No. 79]), no error can be found in the District Court's decision not to consider the objections. (SER-JPMC at 32-33 [ECF No.

82]). Indeed, under Eastern District Local Rule 304(b) and pursuant to 28 U.S.C. § 636(b)(1)(C), Appellant had 14 days to file objections to the F&R. As such, his objections, if any, were due no later than January 31, 2025, accounting for 3 additional days for mail service (F&R served January 14, 2025). (*See* Local Rule 304(b); 28 U.S.C. § 636(b)(1)(C); FRCP 6(d)). Appellant's objections were not filed until February 12, 2025, 12 days late.

Even if Appellant's objections were timely, which they were not, Appellant failed to substantively address the F&R in any meaningful way. The filing was not really objections at all, but instead a rehashing of the various theories and arguments Appellant had advanced in prior pleadings.[3] Moreover, many of the statements within the "Objections" are incoherent and rambling.

In the AOB, Appellant makes no substantive cogent argument in this regard, (AOB at 4, 8). As such, no error can be found with the District Court's reasoning that "[e]ven if the Court were to consider the merits of the untimely objections, they do not alter the Court's

---

[3] A *de novo* standard applies to a review of objections to a magistrate's report and recommendations when such objections are filed within 14 days. (*See* 28 U.S.C. § 636(b)(1)(C)).

34

determination". (ECF No. 82) (*See Suruki*, 735 F. App'x at 289 (inadequately developed contentions forfeited)).

Finally, the District Court noted in its Order that it "reviewed the file and finds the findings and recommendation to be supported by the record". (AER at 000018-19 [ECF No. 80]). Accordingly, no error lies on this basis. (*See Wright v. Brown*, No. 94-35486, 1995 U.S. App. LEXIS 27867, at *3 (9th Cir. Sep. 25, 1995)).

## VIII.    CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court affirm the Judgment entered by District Court in its entirety.

DATED:  June 11, 2025          PARKER IBRAHIM & BERG LLP


By: /s/ *Mariel Gerlt-Ferraro*
JOHN M. SORICH
MARIEL GERLT-FERRARO
Attorneys for Appellees
JPMORGAN CHASE BANK, N.A.
and LYNETTE ANTOSH

## STATEMENT OF RELATED CASES

Counsel for Appellees states that Counsel is not aware of any

related case pending before this Court under Ninth Circuit Rule 28-2.6.

DATED:  June 11, 2025        Parker Ibrahim & Berg LLP


By: */s/ Mariel Gerlt-Ferraro*
        JOHN M. SORICH
        MARIEL GERLT-FERRARO
        Attorneys for  Appellees
        JPMORGAN CHASE BANK, N.A.
        and LYNETTE ANTOSH

# CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number** 25-1329

     I am the attorney of record for Appellees, JPMorgan Chase Bank, N.A. and Lynette Antosh.

     **This brief contains 5,108 words,** excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

     I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [  ] a party or parties are filing a single brief in response to multiple briefs.
    [  ] a party or parties are filing a single brief in response to a longer joint brief.

[  ] complies with the length limit designated by court order dated _____.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**   */s/ Mariel Gerlt-Ferraro*       **Date** June 11, 2025