No. 25-1329
_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

Mahmood Yoonessi,

*Plaintiff-Appellant,*

vs.

LETITIA JAMES, attorney; WILLIAM PRASIFKA; KYLE WILCOX,
attorney; MERRILL TISCH; MEDICAL BOARD OF CALIFORNIA;
LYNNETTE ANTOSH; JPMORGAN CHASE BANK, N.A.,

*Defendants-Appellees.*
_____

On Appeal from the United States District Court
for the Eastern District of California
Hon. Troy L. Nunley, Case No. 2:23-CV-00023-TLN-SCR
_____

**BRIEF FOR DEFENDANT-APPELLEE KYLE WILCOX**
_____

Kristin A. Blocher
California SBN 283730
**GORDON & REES LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 93463
Tel: 916-565-2900
Fax: 916-920-4402
kblocher@grsm.com

Attorneys for Appellee
KYLE WILCOX

Dated June 9, 2025

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS.................................................................I

TABLE OF AUTHORITIES ........................................................II

    I. PRELIMINARY STATEMENT ..........................................1

    II. JURISDICTIONAL STATEMENT ....................................2

    III. STATEMENT OF ISSUES FOR REVIEW ......................3

    IV. STATEMENT OF THE CASE .........................................3

    V. STANDARD OF REVIEW ...............................................5

    VI. SUMMARY OF ARGUMENT.........................................6

    VII. ARGUMENT .................................................................6

        A.    The District Court Properly Granted Wilcox's
            Motion to Dismiss..............................................6

        B.    The Amended Complaint Failed to State a Claim
            Against Wilcox. ..................................................6

        C.    Yoonessi's Opposition to Wilcox's Motion to
            Dismiss was Untimely, Therefore Non-Opposition
            to the Motion was Correctly Construed by the
            Court. ..................................................................7

            1.    The Court Properly Denied Yoonessi
                Further Leave to Amend the Complaint for
                Futility. ...................................................8

    VIII. CONCLUSION ............................................................9

STATEMENT OF RELATED CASES-NINTH CIRCUIT RULE 28-2.6.. 10

CERTIFICATE OF TYPE-VOLUME COMPLIANCE ............................ 11

CERTIFICATE OF SERVICE ........................................................ 12

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*
  (2009) 556 U.S. 662................................................................ 2, 7

*Bell Atlantic Corp. v. Twombly*
  (2007) 550 U.S. 544................................................................ 2, 7

*California Architectural Bldg. Prod. V. Franciscan Ceramics*
  (1988) 818 F.2d 1466 (9th Cir.) ....................................................8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*
  (2008) 546 F.3d 981 (9th Cir.) .....................................................6

*Glazer Capital Mgmg., L.P. v. Forescout Techs., Inc.*
  (2023) 63 F.4th 747 (9th Cir.).......................................................5

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*
  (1983) 701 F.2d 1276 (9th Cir.) ....................................................8

*Oliver v. Ralphs Grocery Co.*
  (2011) 654 F.3d 903 (9th Cir.) .....................................................7

*Sinclair v. City of Seattle*
  (2023) 61 F.4th 674 (9th Cir.), *cert denied,* 144 S. Ct. 88
  (2023).......................................................................................5

**Rules**

E.D. Cal. Local Rule 230(c) ............................................................7

Fed. R. Civ. P. 8(a)(2)......................................................................7

Fed. R. Civ. P. 12(b)(6) .............................................................. 4, 5

ii

# I.

## PRELIMINARY STATEMENT

Plaintiff-appellant Mahmood Yoonessi ("Yoonessi") has engaged in decades of litigation stemming from termination from his position at the State University of New York at Buffalo (SUNY Buffalo) in 1993, losing his medical license in 2001, then losing his California license and inability to restore his Ohio license. Most recently, Yoonessi appeals from a judgment in the United States District Court for the Eastern District of California in which Judge Nunley properly granted Appellees' Motions to Dismiss, denied Plaintiff's Motions for Default Judgment, and denied Plaintiff's Motions to Vacate.

The complaint at issue is a volume of gibberish with few discernible facts and several conclusory "legal" statements. The "Amended Complaint" ("FAC") identifies several Defendants, including Kyle Wilcox ("Wilcox"); however, the Amended Complaint does not allege, state, or mention any claims against Kyle Wilcox.

Likewise, Plaintiff Yoonessi's opening brief before this Court names Wilcox and makes only one passing reference to Wilcox, without support, throughout the entire brief. While his appeal claims to be based on a complaint for violation of civil rights, it fails to overcome even general

pleading requirements announced by the Supreme Court in *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544 and *Ashcroft v. Iqbal* (2009) 556 U.S. 662. As the district court ruled:

> [T]he court does not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Iqbal*, 556 U.S. at 678.

Threadbare elements of various causes of action and conclusory statements are precisely what Yoonessi has presented in this appeal, as in his underlying Amended Complaint. Yoonessi's new claim, alleged for the first time in his opening brief, that Wilcox teamed up with "Attys Topozi, Collis of Ohio," has never previously been referenced simply will not suffice.

The District Court acted well within its discretion. This Court should affirm these Orders without leave to amend.

## II.

## JURISDICTIONAL STATEMENT

Appellee Wilcox re-asserts his previous argument that the District Court lacked personal jurisdiction over him and, as an Assistant Attorney General of Ohio, he is entitled to prosecutorial immunity. (ECF No. 37 at 7-8; ECF No. 78 at 6.) However, as to review of the District Court's Order,

Wilcox does not disagree that jurisdiction for review of the District Court's Order is proper in this Court.

## III.

### STATEMENT OF ISSUES FOR REVIEW

Yoonessi's Statement of Issues Presented for Review presents several new questions of fact that are not properly before this Court. Therefore Wilcox addresses matters in the Orders entered by the District Court that may be appropriate for review:

1. Was Defendant-Appellee Wilcox's Motion to Dismiss improperly granted? Did the FAC meet Plaintiff's burden to state a claim against Wilcox?

2. Did the district court act within its discretion in denying leave to amend the complaint a second time?

## IV.

### STATEMENT OF THE CASE

Yoonessi has been engaged in litigation concerning his medical license for over twenty years and across multiple state and federal forums. Representing himself in *pro per*, Yoonessi most recently filed a Complaint in the United States District Court for the Eastern District of California on January 6, 2023. (ECF No. 1.) Defendants filed motions to dismiss, and on

January 17, 2024, the District Court granted the motions to dismiss, allowing Plaintiff to file an amended Complaint within 28 days. (ECF No. 31.)

In its order, the District Court advised Yoonessi that any amended complaint would "supersede the original complaint" and must "be complete in itself without reference to any prior pleadings." (ECF No. 31 at 10.) The court further stated that any amended complaint must include "concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims" and that "each claim and the involvement of each defendant must be sufficiently alleged." (ECF No. 31 at 10-11.)

The First Amended Complaint was filed on February 15, 2024. (ECF No. 34.) The FAC named Wilcox as a defendant but does not mention any claims or factual allegations against Wilcox. As such, Plaintiff fell not only below the pleading standards to overcome a Fed. R. Civ. P. 12(b)(6) motion, but also failed to comply the District Court's order dated January 17, 2024. (ECF No. 31.) Wilcox filed a Motion to Dismiss on February 29, 2024. (ECF No. 37.) Yoonessi did not file a timely opposition to the motion, but on May 22, 2024 submitted a brief directed to all Defendants' pending motions to dismiss, which the court noted in its findings did not clearly respond to any of Defendants' arguments. (ECF No. 78.)

4

The District Court found that the FAC clearly failed to state a claim against Wilcox and made no factual allegations against him. (ECF No. 78.) Accordingly, the District Court dismissed the claims against Wilcox in the FAC for failure to state a claim. (ECF Nos. 78, 80.)

On February 13, 2025, the clerk of the district court entered judgment in accordance with the court's order. (ECF No. 81.) Yoonessi appealed to this Court. (ECF No. 83.)

## V.

### STANDARD OF REVIEW

This Court reviews de novo the District Court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Sinclair v. City of Seattle* (2023) 61 F.4th 674, 678 (9th Cir.), *cert denied,* 144 S. Ct. 88 (2023). Although factual allegations are taken as true and construed in a plaintiff's favor, "[c]onclusory allegations cannot defeat a motion to dismiss." *Id.* The Court "does not blindly defer to the labels and conclusions provided by the complaint, nor to any naked assertions devoid of further factual enhancement." *Glazer Capital Mgmg., L.P. v. Forescout Techs., Inc.,* (2023) 63 F.4th 747, 763 (9th Cir.) (internal quotation marks and citations omitted).

5

This Court reviews a district court's denial of leave to amend for abuse of discretion. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.* (2008) 546 F.3d 981, 990 (9th Cir.)

## VI.

## SUMMARY OF ARGUMENT

The District Court properly dismissed Yoonessi's lawsuit against Wilcox for failure to state a claim against Wilcox. The District Court also properly denied leave for Yoonessi to amend the complaint.

## VII.

## ARGUMENT

### A.     The District Court Properly Granted Wilcox's Motion to Dismiss

The District Court accurately dismissed the FAC against Wilcox for Yoonessi's failure to state a claim.[1]

Further, the Court acted within its discretion in denying leave for Yoonessi to further amend his complaint.

### B.     The Amended Complaint Failed to State a Claim Against Wilcox.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

---

[1] Although the FAC as to Wilcox could also have been dismissed for lack of jurisdiction and for immunity in his capacity as an Ohio State Attorney General, we focus on the reasons set forth in the Court's ruling.

6

its face." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 (internal quotation marks and citations omitted). A claim is plausible on its face when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The District Court correctly ruled that the FAC failed to state a claim against Wilcox. Wilcox is mentioned in the FAC's caption and listed as a defendant on page 3 of the FAC, but there are no factual allegations against him nor any articulation of a legally cognizable cause of action. The FAC did not meet the most basic requirement that a defendant be given fair notice of what the claim against him is and the grounds on which it rested. *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555; *Oliver v. Ralphs Grocery Co.* (2011) 654 F.3d 903, 908 (9th Cir.); Fed. R. Civ. P. 8(a)(2).

### C.     Yoonessi's Opposition to Wilcox's Motion to Dismiss was Untimely, Therefore Non-Opposition to the Motion was Correctly Construed by the Court.

The District Court recognized a second and separate ground for dismissing the FAC as to Wilcox, that is Yoonessi's opposition to the Motion was untimely. (ECF No. 78 at 6.) According to the local rules for the Eastern District of California, an opposition is due no later than 14 days after a motion is filed. E.D. Cal. Local Rule 230(c).

7

Wilcox filed his Motion to Dismiss on February 29, 2024. (ECF No. 37.) Yoonessi submitted an opposition brief that was directed to all pending Motions to Dismiss that was docketed on May 22, 2024 that did not clearly respond to Defendants' arguments. (ECF No. 78 at 6.)

Accordingly and correctly, the District Court took the untimely opposition as a non-opposition. (ECF No. 78 at 6.)

### 1. The Court Properly Denied Yoonessi Further Leave to Amend the Complaint for Futility.

Valid reasons for denying leave to amend a complaint include delay, bad faith, prejudice, and futility. *California Architectural Bldg. Prod. V. Franciscan Ceramics* (1988) 818 F.2d 1466, 1472 (9th Cir.); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau* (1983) 701 F.2d 1276, 1293 (9th Cir.) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Yoonessi had previously been granted leave to amend with detailed instruction as to the deficiencies in his original complaint. (ECF No. 31.) Despite Judge Barnes' order granting leave to file an amended complaint that "cures the defects noted in this order and complies with the Federal Rules of Civil Procedure," Yoonessi proceeded to file an FAC that was "almost entirely devoid of any factual allegations." (ECF No. 78 at 12). The District Court further noted that after two decades of litigation, Yoonessi "is

8

well aware of the pleading requirements." (*Id.*) The Court accordingly and correctly found that allowing further leave to amend would be futile. (*Id.*)

## VIII.

## CONCLUSION

Yoonessi's complaint does not state facts that amount to a plausible claim against Wilcox. Yoonessi effectively did not oppose Wilcox's Motion to Dismiss. The District Court correctly dismissed the FAC and denied further leave to amend based on decades of demonstrated futility. This Court should affirm.

Respectfully submitted,

Dated:  June 10, 2025                    GORDON & REES LLP


By: /s/ Kristin A. Blocher
        Kristin A. Blocher
        Attorneys for Appellee
        Kyle Wilcox.

## <u>STATEMENT OF RELATED CASES-NINTH CIRCUIT RULE 28-2.6</u>

Appellee filing this brief is not aware of any other cases pending in this Court related to this appeal.

Dated:  June 10, 2025  GORDON & REES LLP

By: <u>/s/ Kristin A. Blocher</u>
Kristin A. Blocher
Attorneys for Appellee
Kyle Wilcox.

## <u>CERTIFICATE OF TYPE-VOLUME COMPLIANCE</u>

I, Kristin Blocher, certify pursuant to Fed. R. App. P. 32(a)(7)(C) that the attached appellee's brief has a typeface of 14 points or more and, including tables and certificates, contains 2198 words according to the word count of the word processing program used to prepare it.


Dated: June 10, 2025         GORDON & REES LLP


                      By: <u>/s/ Kristin A. Blocher</u>
                        Kristin A. Blocher
                        Attorneys for Appellee
                        Kyle Wilcox.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document entitled APPELLEE'S ANSWERING BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 10, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Stephanie Snyder</u>
Stephanie Snyder